(16 Misc. Rep. 508.)

### MONAHAN v. FITZPATRICK et al.

(Niagara County Court. April, 1896.)

CONTEMPT—ACTS UNDER ERRONEOUS ORDER.

On an accounting by an executor, the surrogate refused to allow to the receiver in supplementary proceedings of a legatee the expenses of the receivership out of the legacy, but allowed only the amount due up to the time of the receiver's appointment, and directed the balance of the legacy to be paid to the legatee. *Held*, that the receiver had his remedy by appeal from the decree of the surrogate, and he could not maintain contempt proceedings against the legatee for refusal to pay him, out of the portion of the legacy received under the order of the surrogate, the amount of the expenses of the receivership.

Action by Michael Monahan against Johanna Fitzpatrick and others. The receiver of the judgment debtor, Fitzpatrick, appointed

in supplementary proceedings, moves to punish said judgment debtor for contempt in refusing to pay over certain moneys.    Denied.

George F. Thompson, for receiver.
Henry M. Davis, for judgment debtor.

HICKEY, J.    Under the last will and testament of one Mary Connors, which has been duly admitted to probate, the judgment debtor, Fitzpatrick, was bequeathed a legacy of several hundred dollars.    After the death of said testatrix, one Andrew C. Morgan, an attorney, was appointed receiver in supplementary proceedings, instituted against said judgment debtor.    Having duly qualified, he caused to be served upon the executor of the will referred to a notice of his appointment as receiver, which was accompanied by a demand that the legacy in question be paid to him.    The executor refused payment, and thereafter filed a petition in the surrogate's court of Niagara county for a judicial settlement of his accounts, and recited therein the appointment of the receiver, and the demand and refusal to pay, above referred to.    The receiver was cited, and attended the accounting, and, through counsel, made claim to the legacy.    He made proof before the surrogate of the amount due him as receiver from the judgment debtor up to the time of his appointment, and offered proof as to the probable expenses of the receivership.    This offer of proof was rejected by the surrogate.    The judgment debtor was also represented on the accounting by counsel who objected generally to the allowance of the receiver's claim, or any part of it, by the court.    The surrogate made a decree awarding to the receiver the amount due him up to the time of his appointment, and directed that the balance of the legacy be paid to the judgment debtor, making no allowance for the expenses of the receivership. The executor thereupon paid the receiver the amount thus awarded him, and received a satisfaction of the decree, and paid the balance of the legacy to the judgment debtor, as directed by the surrogate. Immediately thereafter the receiver made a written demand upon the judgment debtor for the payment to him of $50, being the amount estimated by him as necessary to defray the expenses of the receivership.    The judgment debtor refused to comply with this demand.    Thereupon the receiver procured an ex parte order from the county judge, requiring the judgment debtor to show cause why she should not be punished as for a contempt for such refusal.    Whether such refusal amounts to a contempt for which the judgment debtor should be punished, is the question before the court.    Counsel for the receiver contends that the surrogate should have awarded the entire legacy to him; that, if he was not entitled to the entire legacy, he was at least entitled to so much of it as would discharge the indebtedness and the expenses of the receivership; that the surrogate had no jurisdiction to make such a decree as was made in the case; and that, therefore, the decree affords no protection to the judgment debtor, and is in no sense binding upon this court.    He argues, therefore, that it is a clear case of contempt, for which the judgment debtor should be pun-

ished.    Counsel for the judgment debtor contends that the decree of the surrogate is res adjudicata, but submits neither argument nor brief in support of his view.

Section 2743 of the Code of Civil Procedure, relating to an accounting in surrogate's court, provides, in substance, that where an account is judicially settled, and any part of the estate remains, it must be distributed among the creditors, legatees, etc., or their "assigns."    It is quite clear, under this section, that the assignee of a legatee is a proper party to an accounting in surrogate's court, and, in the absence of any controversy as to the validity of the assignment, is entitled to a decree awarding to him the payment of such legacy.    When the receiver in this case qualified, the property of the judgment debtor became vested in him by operation of law.    Code Civ. Proc. § 2469.    His title to the legacy in question, or at least to so much of it as was necessary to pay the amount due the receiver, and the expenses of the receivership, was as absolute as though the legatee had made a voluntary transfer of the legacy to him.    He was in fact an assignee of the legacy, by operation of law, and hence comes within the meaning of the term "assigns," as used in section 2743, referred to above.    He was therefore a proper party to the proceedings before the surrogate, and had a standing in that court.    It was his right and privilege to avail himself of all the advantages which the law affords to litigants in such court.    We think the surrogate erred in excluding evidence of the probable expenses of the receivership, and in not awarding the receiver a sufficient sum to cover such expenses.    But for this error of the surrogate, if it be error, the receiver had his remedy by appeal.    He did not see fit to avail himself of that remedy.    On the contrary, he accepted the sum awarded him by the decree, and executed a satisfaction thereof.    He now asks to have the judgment debtor punished as for a contempt, for refusing to pay over to him $50 of the moneys paid to her pursuant to the surrogate's decree.    We cannot see our way clear to make such an order.    The money was paid to the judgment debtor, pursuant to a decree of the surrogate, in a proceeding for an accounting, of which that court had jurisdiction, and to which proceeding the receiver was a party, and was heard as to his rights.    The judgment debtor had a right to assume that the decree awarded to the receiver all he was entitled to; and until the contrary was made clear to her by a reversal of that decree, or by an order or decision of some court, she is not chargeable with contempt in refusing to recognize the receiver's claim.    Whether the receiver's only remedy was by appeal from the surrogate's decree, or whether, upon the judgment debtor's refusal to pay over the $50, he might not have procured an ex parte order from the county court requiring her to show cause why she should not pay the same, and in the meantime restraining her from making any disposition thereof, are interesting questions; but, as they are not before us, we do not pass upon them.    The motion is denied, but without costs.

Motion denied, without costs.