### In re KENNEDY'S ESTATE.

(Supreme Court, Appellate Division, Third Department. March 23, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 35*)—REMOVAL—"PERSON INTERESTED."

A receiver in supplementary proceedings against one having either a vested or a contingent interest in an estate, his interest being dependent upon the validity of trusts created by the will, is a "person interested" in the estate within Code Civ. Proc. §§ 2514 (11), 2685, so that he may ask for the removal of the executors for wasting the estate, though section 2463 prevents the seizure of the trust estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. § 35.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

2. EXECUTORS AND ADMINISTRATORS (§ 460*)—ACCOUNTING—PROCEEDINGS.

A surrogate who is asked to remove executors for wasting the estate may order an accounting on his own motion.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 976; Dec. Dig. § 460.*]

Appeal from Order of Surrogate, Ulster County.

Petition for the removal of the executors of the estate of David Kennedy, deceased, and for an accounting. From an order refusing to dismiss the petition and requiring the executors to file their account and appear before the Surrogate to be examined, the next of kin and executors appeal. Affirmed.

See, also, 126 N. Y. Supp. 1133.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Rounds, Hatch, Dillingham & Debevoise (John P. Walsh, of counsel), for appellants.

G. D. B. Hasbrouck (William D. Brinnier, on the brief), for respondent.

JOHN M. KELLOGG, J. [1] The will of the testator was probated and letters testamentary issued August, 1901, and no account has ever been filed by them. The will, so far as is necessary to state here, gives to the executors and trustees the property, which consists of real and personal estate, with the right to sell, convey, reinvest the same, collect the rents and income thereof, and apply the same for the purposes mentioned in the will. The widow, who is still living, is to have the income of the property during her life. After her death the executors are to handle the property for five years, paying the income one-fourth part to each of his two sons and his two daughters, and at the end of the five years the property remaining is to be disposed of in the same manner. An item of the will provides:

"In the event any of my children die leaving issue such issue is to take the parent's share of my estate to which issue in such case I give, devise and bequeath the same per stirpes in equal shares."

The petitioner is a receiver in proceedings supplementary to execution, and has duly qualified as such, of the property and effects of Gilbert F. Kennedy, one of the sons, executors, and trustees.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The receiver, on April 22, 1910, filed a petition with the surrogate reciting the facts constituting his receivership and alleging that the executors were wasting and squandering the estate, and asked that they account, and. be removed from office on account of their alleged misconduct, and new executors and trustees appointed in their place. Upon the hearing the petitions proved the facts showing that he was receiver of the property of Gilbert, and thereupon the executors and next of kin moved that the proceeding be dismissed upon the ground that the receiver had no interest in the estate, which motion was denied, and thereupon, without the request of eitner party, the court adjourned the hearing to a future date and required the executors on that date to file their account and appear in court ror examination with reference thereto.

The proceeding instituted by the petition has not been determined. The surrogate simply denied the motion of the executors to dismiss the proceeding. The appellants are not in a position to claim that upon the denial of their motion it was necessary for the surrogate to make findings of fact and conclusions of law, although the surrogate did pass upon such findings as were presented to him. Undoubtedly findings of fact and conclusions of law will be filed when the surrogate finally passes upon the petition. That question I think requires no further consideration.

It is apparent that, under section 2463 of the Code of Civil Procedure, if the trusts created by the will are valid, the receiver cannot seize or interfere with the trust estate in this proceeding. That fact, however, does not show that he is not interested in the estate and its preservation.

Under section 2685 of the Code of Civil Procedure, a creditor or person interested in the estate may ask for an accounting or removal of an executor in a proper case. Subdivision 11 of section 2514 defines the expression "person interested" in an estate as including every person entitled either absolutely or contingently to share in the estate or proceeds as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise, except as a creditor. It is therefore unnecessary to construe the will to determine whether Gilbert's interest is absolute or contingent. If he survives the mother, he is entitled to one-fourth of the income for five years if the will is valid, and after the five years to one-fourth of the residue of the estate remaining. If the trust is invalid, he also has an interest. So that, in any event, he has a vested or a contingent interest in the property, and is a person interested in the estate. As receiver of his property, the petitioner is substantially his assignee by operation of law, and may take such proceedings with reference to his property as Gilbert might otherwise take. . While in this proceeding the property in trust cannot be seized or interfered with, and there is no attempt so to do, the petitioner may ask that persons who he claims are squandering the property to the detriment of himself and all others interested should be stayed in their waste and removed from a position which enables them to squander it so that eventually when the trust. terminates the property may fall to its real owners. I think, therefore,

that the petitioner had such an interest in the estate as authorized him to ask the surrogate to prevent its further waste if such waste is occurring.

[2] The same reasoning would probably apply to the right to ask for an accounting; but it is unnecessary to consider that question further, as the surrogate has found at the request of the appellant that the order for an accounting was made without any motion or request from any party except so far as such motion was contained in the petition. The surrogate interrupted the progress of the trial, and of his own motion adjourned the proceeding to a future date and ordered the accounting. He had the right to order the accounting upon his own motion; the fact that no account had been filed for nine years, and that proceedings were pending based upon the allegations that the estate was being wasted, clearly justified the exercise of his discretion.

I think that the order appealed from was well within the authority of the surrogate and should be affirmed, with costs. All concur.