### In re KELLY.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 32*)—REVOCATION OF LETTERS—APPLICATION AND PROCEEDINGS THEREON.

   Objections to the sufficiency of a petition for the revocation of letters testamentary may be taken by answer to the petition.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–212; Dec. Dig. § 32.*]

2. APPEAL AND ERROR (§ 91*)—DECISIONS REVIEWABLE—"ORDER AFFECTING A SUBSTANTIAL RIGHT."

   An order of the surrogate, refusing to dismiss, upon issue joined, a special proceeding for the revocation of letters testamentary, is not an "order affecting a substantial right," within Code Civ. Proc. § 2570, authorizing appeals from orders of the surrogate or Surrogate's Court in a special proceeding affecting a substantial right.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 612–641; Dec. Dig. § 91.*

   For other definitions, see Words and Phrases, vol. 7, pp. 6739–6741; vol. 8, p. 7808.]

3. APPEAL AND ERROR (§ 91*)—DECISIONS REVIEWABLE—ORDER AFFECTING SUBSTANTIAL RIGHT.

   An order of the surrogate directing an executor to file an intermediate account is not appealable, no substantial right being affected, where 18 months have elapsed since the issuance of letters testamentary, and no account has been filed, and no special proceeding for a judicial settlement of the executor's account is pending, in view of Code Civ. Proc. § 2725, subd. 4, authorizing the surrogate on his own motion, under such circumstances, to require an accounting.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 612–641; Dec. Dig. § 91.*]

4. APPEAL AND ERROR (§ 151*)—PERSONS AGGRIEVED.

   In a special proceeding for the revocation of letters testamentary, where, upon issue joined, the surrogate orders an accounting, the executor is not aggrieved by the postponement of the hearing of the petition until after the accounting.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

Appeal from Order of Surrogate, Nassau County.

Application by William F. Kelly to revoke letters testamentary of William Paschal Langevin, as sole executor of Rose Hynes Rooney. From an order overruling a demurrer to the petition, and directing the executor to file an account, the executor appeals. Appeal dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am Digs. 1907 to date, & Rep'r Indexes

W. P. Langevin, of New York City, in pro. per.

Stephen H. Keating, of New York City, for respondent.

JENKS, P. J. This is a special proceeding, brought by Kelly as a beneficiary under the will of Rooney, and as a party interested in Rooney's estate, for revocation of letters to the executor and trustee for misconduct, waste, and irresponsibility. The executor filed a "demurrer," and then, as of course, an answer. The appeal is from the order of the surrogate "overruling said executor's demurrer to the sufficiency of the petition herein, and further directing said executor to file an intermediate account of his proceedings as such executor," and from "each and every part of said order."

[1] We are not aware that in the procedure of the Surrogates' Courts there is any pleading technically known as a demurrer. Redfield on Law and Practice of Surrogates' Courts says:

"Demurrers, as distinct forms of pleading, are unknown to the procedure of Surrogates' Courts; but the end contemplated by a demurrer in a civil action may be reached by a formal motion to strike out a pleading for insufficiency appearing on its face. Indeed, an objection of that sort may be taken informally at any stage of the hearing, and the question of the sufficiency of the pleading will then be determined; the theory in these courts being that pleadings are addressed to the surrogate, for him to pass upon before they are pleaded."

Any objection which the person cited desired to make could have been taken by answer to the petition. Redfield on Law and Practice of Surrogates' Courts, §§ 87, 439. But we will consider that the so-called "demurrer" was by way of formal motion to strike out, or of objection, aside from the matters put in issue by the answer. But the appellant had best look to it that the points raised by the "demurrer" appear upon the record in technical form, if he desire to reserve his right of review.

[2] Appeals from the surrogate and his court are both authorized and limited by statute. Article 4, tit. 2, c. 18, of the Code of Civil Procedure. As this appeal is not from a decree, it must, if available, be from an order affecting a substantial right. Section 2570, Code of Civil Procedure. But we think that an order of the surrogate which in effect refuses to dismiss a special proceeding merely upon the issue joined does not affect a substantial right. See Matter of Soule, 46 Hun, 661; Matter of Phalen, 51 Hun, 208, 4. N. Y. Supp. 408; see, too, Susz v. Forst, 4 Dem. Sur. 346–349.

[3] We think that an order which simply directs an immediate account is not appealable. Although the point was considered, but not decided, in Matter of Hurlburt, 43 Hun, 311–313, yet it was said that there was no substantial right affected. In Matter of Gilbert, 104 N. Y. 200, 10 N. E. 148, the court, per Finch, J., held that the order in question did involve a substantial right, but in effect seemed in accord with our view, inasmuch as the court say:

"It went beyond a mere direction to account where assets are admitted and their amount is the sole controversy, and adjudged, against the defendant's denial, that there were assets, and settled the only substantial point of the litigation, except the amount of damages to be awarded."

For the ground of the substantiality in that case, that the administrator had denied that he had any assets in his hands, is absent from the case at bar.

The surrogate had the power to order, sua sponte, an accounting. The order recites:

"From which petition, affidavits, and exhibits, as well as from the records of this court, it appears that eighteen (18) months have elapsed since letters were issued to said William Paschal Langevin, and that no account has been filed by him as said executor, or as said trustee or alleged trustee, and that no special proceeding, on a petition for a judicial settlement of his account as said executor, or as said trustee or alleged trustee, is pending."

See subdivision 4, § 2725, Code of Civil Procedure; Matter of Kennedy, 143 App. Div. 839, 128 N. Y. Supp. 626; Redfield on Surrogates, § 916.

[4] The mere fact that the surrogate adjourned the hearing of the petition until after the intermediate accounting did not aggrieve the appellant. Estate of Henry, 9 Civ. Proc. R. 100.

The appeal is dismissed, with costs to the respondent, to be paid by the appellant personally. All concur.