In the Matter of the Estate of MARY J. F. S. SWEENEY, Deceased.

Surrogate's Court, Oneida County, November 13, 1925.

Executors and administrators — application to revoke letters testamentary issued to legatee as executor or to require him to give bond — receiver of property of said executor appointed in supplementary proceedings is person interested, within meaning of Surrogate's Court Act, § 314, subd. 11, and may maintain proceeding in Surrogate's Court to revoke letters testamentary — Surrogate's Court without power to determine validity of judgment obtained more than twenty years ago — letters of said executor not revoked — executor required to give bond.

A receiver of a legatee of an estate, appointed in supplementary proceedings upon the return of an execution unsatisfied, is a person interested, within the meaning of subdivision 11 of section 314 of the Surrogate's Court Act, and becomes an assignee by operation of law and is entitled to the entire legacy, or so much thereof as will discharge the amount due upon the judgment upon which he was appointed, and may maintain a proceeding to revoke letters testamentary issued to the legatee or to require him to give a bond for the faithful performance of his duties.

Accordingly, the petitioner, designated receiver of the property of the executor herein, in supplementary proceedings upon the return of an execution unsatisfied against the executor, who is also a legatee, while not entitled to the revocation of letters testamentary issued to the executor, may require him to give a bond for the faithful performance of his duties as executor, where it appears that the receiver became such more than twenty years ago upon the return of an execution unsatisfied against the property of the executor; that the receiver has never come into possession of any property of the judgment debtor; that the supplementary proceedings have not been discontinued and it is apparent that the executor, as legatee, is about to come into possession of his share of the estate.

The Surrogate's Court is without power to pass upon the question of the validity of the judgment obtained against the executor more than twenty years ago. Nor may the order of the County Court appointing the receiver herein be attacked in the Surrogate's Court, where said order has not been set aside.

APPLICATION to revoke the letters testamentary issued to Bernard J. Sweeney, as executor of the last will and testament of Mary J. F. S. Sweeney, deceased, issued December 3, 1894, or to require him to give a bond for the faithful performance of his duties as such executor, on the ground that his circumstances are such that they do not afford adequate security to the creditors or persons interested in the due administration of the estate.

*Walter N. Gill*, for the petitioner.

*Lee, Dowling & Brennan* [*W. F. Dowling* of counsel], for the executor.

EVANS, S.:

The decedent was the wife of the executor and by the terms of her will the executor is a legatee to the extent of one-half of the estate.

Charles Fitzsimons, the father of Mary J. F. S. Sweeney, died in Monroe county, N. Y., in the year 1887, and his will was admitted to probate in that county. By the terms of his will his widow, Caroline V. Fitzsimons, might divide the estate or retain it during her lifetime. The widow elected to retain the estate and no division of it was made. Mrs. Fitzsimons died March 10, 1925. This estate is now about to be divided. It is said to amount to about $105,000, of which the estate of Mary J. F. S. Sweeney is entitled to one-third, and of this amount, as before stated, Mr. Bernard J. Sweeney is entitled to one-half.

On June 28, 1902, the Rondout National Bank of Kingston, N. Y., recovered a judgment against Bernard J. Sweeney for the sum of $5,632.77 in the Supreme Court, Ulster county. A transcript of this judgment was filed in the office of the clerk of Oneida county and, after the return of the execution unsatisfied, supplementary proceedings were taken against Mr. Sweeney. Mr. R. R. Martin was appointed receiver of the property of the judgment debtor by an order of the Oneida county judge bearing date June 2, 1903. This order provided that the receiver should not receive in excess of $8,000 without the further order of the court and contained the usual injunction clause restraining Mr. Sweeney from transferring his property. The receiver has never come into possession of any property of the judgment debtor. The order granted on June 2, 1903, was modified by a subsequent order of the Oneida county judge bearing date June 27, 1910, allowing the receiver to take not in excess of $10,000, and a further order was made by the present judge of Oneida county bearing date October 10, 1925, authorizing the receiver to take a sum sufficient to pay the judgment, receiver's commissions and other expenses of the receivership upon filing an additional bond of $8,000.

The receiver has continued in office since his appointment more than twenty years ago and the supplementary proceedings have not been discontinued. It is contended on the part of the executor that the Surrogate's Court is without jurisdiction to entertain this application and he appears specially in this proceeding.

The executor claims that the receiver is an official representing a creditor of the executor personally; that whatever rights the receiver possesses, they concern the executor as an individual and that his official status is not subject to attack.

The right of the receiver of a legatee to maintain this proceeding is challenged on the ground that he does not represent a creditor

of the estate and that he is not a person in interest within the contemplation of subdivision 11 of section 314 of the Surrogate's Court Act. A person in interest as defined by this section includes among others a legatee. The fact that Mr. Sweeney is both legatee and executor is not important or material. If another person were executor of this estate, the right of Mr. Sweeney as a legatee to maintain this proceeding against such executor is plain. The question presented is whether the receiver as such has by virtue of his office succeeded to the rights of this legatee.

In *Matter of Kennedy* (143 App. Div. 839) it was held that " The receiver of the property of a judgment debtor appointed in proceedings supplementary to execution is substantially the assignee of the judgment debtor by operation of law, and may take such proceedings with reference to the property as the debtor might have taken."

In the case of *Monahan* v. *Fitzpatrick* (16 Misc. 508) it was held that a receiver of a legatee appointed in supplementary proceedings, is an assignee by operation of law and is entitled to the entire legacy, or so much thereof as will discharge the amount due upon the judgment upon which he was appointed and the expenses of the receivership.

In *Matter of Beyea* (10 Misc. 198) it was said that " A receiver in supplementary proceedings of a judgment debtor legatee may require an accounting by an executor."

The right of the receiver to maintain this proceeding seems to be clearly established and the preliminary objection to the jurisdiction of this court is overruled.

It is further claimed on the part of the executor that the judgment in question is outlawed and that the order appointing the receiver by virtue of the judgment lost its legal vitality and became void when the judgment became outlawed. Whatever merit exists on this theory, it would in my opinion be improper for this court to pass upon.

The order appointing the receiver has not been set aside, and I think that it is binding upon this court and cannot be attacked in a collateral proceeding. I can discover no valid reason for revoking the letters testamentary issued to this executor. However, in view of the admitted facts that have been shown in this application, I think that the executor should execute a bond in the sum of $15,000. This will cause no hardship to the executor and it will at the same time safeguard the interests of the petitioner in this proceeding.

Decreed accordingly.