The order did not affect any substantial right of the appellant. By the petition it was alleged that the parties sought to be struck out were absolutely or contingently interested in the estate. That allegation was admitted by the answer of appellant. The trial proceeded on the theory that there had been due service of the citation and that the nonresident alien parties were in default. Nothing in the papers shows that the appellant moved at any time during the trial to strike out the parties. The motion was made after the close of the trial, when the appellant had no right to ask for a ruling on a question of law. (Surrogate’s Ct. Act, § 71.) Moreover, it is uncontradicted that the motion made by the parties to be allowed to file an answer and reopen the trial was denied. No prejudice, therefore, resulted to the appellant from the order appealed from and it did not affect a substantial right. (Matter of Kelly [Langevin], 153 App. Div. 322; Matter of Soule, 46 Hun 661.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MaeCrate, JJ., concur.