■ In the Matter of the Estate of HYMAN J. SOBILOFF, Deceased.— Motion to dismiss appeal of respondents-appellants-respondents granted, with $20 costs, on the ground that the order does not affect a substantial right. (*Matter of Weinbaum*, 24 A D 2d 632; *Matter of Kelly* v. *Langevin*, 153 App. Div. 322.) Concur — Markewich, J. P., Kupferman, McNally, Steuer and Eager, JJ.

# (November 9, 1972)

■ HERMAN GROSS, Individually and as a Stockholder of Continued Care Facilities, Inc., Appellant, v. CARL H. NEUMAN et al., Respondents, et al., Defendants.— Order, Supreme Court, New York County, entered on June 8, 1972, granting summary judgment to the defendants, unanimously modified, on the law, to deny such summary judgment on the second and fourth causes of action in the complaint, and otherwise affirmed, without costs and without disbursements. The second amended complaint charges misappropriation of a corporate opportunity in the first and third causes, and corporate waste in the second and fourth causes in this derivative stockholders action. The corporation has two hospital properties, which it is conceded the corporation could not operate due to subdivision 9 of section 2801-a of the Public Health Law. The corporate president who was in substantial control of the corporation, although the stock was publicly held, with the approval of the Board of Directors entered into a 20-year lease arrangement for the properties, so that he could operate them, and it is contended on behalf of the defendants that the arrangement was a fair one. While, in view of the circumstances, there was no deprivation of a corporate opportunity (*Blaustein* v. *Pan Amer. Petroleum & Transp. Co.*, 293 N. Y. 281; *Turner* v. *American Metal Co.*, 268 App. Div. 239, app. dsmd., 295 N. Y. 822) the allegations as to corporate waste must be considered in a trial (*Diamond* v. *Oreamuno*, 24 N Y 2d 494). Concur — Nunez, J. P., Kupferman, Murphy, Eager and Capozzoli, JJ.