IN THE MATTER OF THE PROBATE OF THE LAST WILL AND
TESTAMENT OF FRANCIS W. LASAK, DECEASED.

*Proceedings for probate of a will — power of an executor to discontinue them.*

Where a person named as executor in a will makes a petition to the Surrogate's
Court for its probate, under which a citation is issued and served, and the
witnesses to the will are examined by an attorney employed by the executor,
the executor has no authority to apply to the court to be permitted to withdraw
and to have the proceedings dismissed.

The executor is not a party to the record, having the right to exercise such power
in the premises.

APPEAL by Antoinette Lucinda Schermerhorn, the daughter of
Francis W. Lasak, deceased (and heir-at-law), and one of the contest-
ants of his will, from a decree of the surrogate of Westchester county
admitting to probate the alleged will relating to both real and per-
sonal property of Francis W. Lasak, which decree was entered in
the office of the clerk of said Surrogate's Court on the 8th day of
July, 1889.

*Robert Sewell, Christopher Fine* and *Aaron Kahn,* for contestant
and appellant Antoinette Lucinda Schermerhorn.

*Edgar M. Johnson,* for Mrs. O. T. Cuthbert, respondent.

*George G. Reynolds,* for Mrs. V. A. McKenzie, respondent.

*Edward T. Bartlett,* for American Female and Guardian Society
and Home for the Friendless, respondent.

*Frederick B. Van Vorst,* for Children's Aid Society, respondent.

BARNARD, P. J.:

The competency of the testator was clearly proven. The testator
died in February, 1889, and he left a testamentary disposition of his
property, evidenced by a will and seven codicils. The will was
executed on the 11th of February, 1883, and the last codicil on the
14th of April, 1884. The will is witnessed by John D. Wendel and
William G. Lathrop, Jr. The first five codicils are witnessed
by William G. Lathrop, Jr., and S. R. Johnson. The last two

codicils are witnessed by Horace S. Ely and John A. Ely. All these witnesses were called and all testify clearly and particularly to the formal execution of the several papers; that the testator's mind was clear and calm, and that he was under no restraint and subject to no apparent importunity or influence. The witnesses were intelligent business men and their testimony covered a considerable portion of the testator's latter years. The surrogate was called upon, under this evidence, to decree probate of the several papers propounded.

There was no error committed upon the trial. John G. Wendel was named as executor in the will. He made a petition for probate and upon it citations were issued to all parties interested in the estate. Answers were put in and the executor employed an attorney who called and examined the several witnesses to the will. He then moved the court to permit him to withdraw and subsequently to dismiss the proceedings. This motion was properly denied, so far as a dismissal was asked for of the probate proceedings. The executor need not apply for probate and need not be cited to either support or oppose probate. If he does apply for probate, he has no active duty to perform, but may remain silent until the surrogate causes the witnesses to the will to be examined and an order is made as to probate. It would be a strained construction of the law as to probate of wills if the court should be compelled to hold that after a will was presented for probate, and presumptively proven by the executor, that he could discontinue the whole proceedings. He was not a party to the record with any such power. The executor could not suppress a will before it be offered for probate or afterwards. Mrs. Chouvet, who was a daughter of deceased, was sworn as a witness upon the trial. Her interest was adverse to the will, but she had made no answer. On the 31st of May, 1889, she appeared to have been permitted to testify to certain communications with her father without objection. On the 20th of June, 1889, and before her examination was closed, on motion of an attorney, who was supporting the application for probate, this evidence was stricken out. Assuming that testimony received without objection belongs to the case and may not be stricken out, no sufficient error was committed to call for a reversal of the judgment; the evidence is returned, and there is nothing in it which tends either to show

incapacity or undue influence. The testator had said to her that the executor had helped him make his will, and that he was glad his son, who had disgraced his name, was dead. The ruling that such personal communications as were offered be excluded was correct. (*Wadsworth* v. *Heermans*, 85 N. Y., 639; *Holcomb* v. *Holcomb*, 95 id., 316.)

The evidence of undue influence to be drawn from the inequality of the will has been so repeatedly rejected by the Court of Appeals as insufficient for that purpose, standing alone, that no argument can be based thereupon, standing alone as it does, with full and complete proof of the testator's capacity.

The decision should, therefore, be affirmed, with costs.

DYKMAN, J., concurred.

Decree of surrogate affirmed, with costs.