(61 App. Div. 31.)

### DONLON v. KIMBALL et al.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. LOST WILL—ESTABLISHMENT—PARTY IN INTEREST.
   Under Code Civ. Proc. §§ 1861–1867, providing that an action to establish a lost will may be maintained "by any one interested" in the establishment thereof, one claiming to be a legatee under an alleged lost codicil giving a certain legacy to such person unless the equivalent thereof had been settled on the legatee by the testator during his lifetime was entitled to maintain the action; and the fact that such settlement might have been made was a matter of defense, and need not be negatived in the complaint.

2. SAME—PROBATE—PLEADING.
   Under Code Civ. Proc. § 1861, subd. 1, relating to actions for the establishment of lost wills, and providing that the will must be lost or destroyed before it was duly proved and recorded within the state, a party seeking to establish an alleged lost will need not allege that it was not so proved and recorded; that being matter of defense.

Appeal from special term, Monroe county.

Proceedings by Mary C. Donlon against Laura M. Kimball and others to establish a lost codicil to the will of William J. Kimball, deceased. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

John D. Teller, for appellant.

William F. Cogswell and Walter F. Hubbell, for respondents.

. SPRING, J. This action was commenced May 17, 1899, to establish a lost codicil to the will of William J. Kimball, deceased. The complaint, after setting forth the death of Kimball in 1895, while a resident of Monroe county, N. Y., and the admission to probate of his last will and testament, dated October 19, 1899, alleges that he published a codicil to said will about November 1, 1892, which relates to personal estate, "and by which he gave and bequeathed to plaintiff a legacy of one hundred thousand dollars, as by said codicil, a substantial copy of which is hereto annexed, and marked 'Schedule A,' will more fully appear." The said codicil contains the following provisions:

"I give and bequeath to my friend and former servant, Mary C. Donlon, unless I shall have settled such sum on her in my lifetime, one hundred thousand dollars, to her and for her assigns, forever, as follows: In six months from and after my death I authorize and direct my executors to pay unto the said Mary C. Donlon fifty thousand dollars in preferred stock of the American Tobacco Company at its par value, and I direct my executors to pay the said Mary C. Donlon the remaining fifty thousand dollars as soon as they conveniently can after my death."

There are further provisions, which it is unnecessary to consider here. The complaint also avers the due execution and publication of the said codicil; the competency and freedom from restraint of the testator; that the codicil was in existence at the time of his death, "but was lost since that time either by accident or design"; and, further, "that until said codicil is admitted to probate plaintiff will be unable to recover the legacy therein provided for."

The authority for an action to establish a lost will is found in Code Civ. Proc. §§ 1861–1867. Section 1861 provides that such an action "may be maintained by any person interested in the establishment thereof" where such will "has been lost or destroyed by accident or design." The contention of the demurrants is that the complaint must show affirmatively that the sum bequeathed was not settled upon the plaintiff during the lifetime of the testator. We cannot agree to this proposition. If, upon the face of the will propounded, the plaintiff has a probable interest in its establishment, that should be sufficient to enable her to maintain the action. The primary purpose of the action is to secure a judgment establishing the will, and the construction of its provisions, and the effect to be given to them ought not to be the subject of litigation in that preliminary action. If there have been advances made which amount to a payment of the legacy, or if by extrinsic proof its validity or amount can be attacked for any reason, it may well be held that the questions thus involved should await the determination of the original action, and there will then be parties authorized to act if the will is established. In any event, the plaintiff in the first instance should not be called on to anticipate an attack upon her legacy. The necessity of an interest is essential in every action or proceeding to authorize the party instituting it to maintain it. In proceedings for the probate of a will a petition must be presented by a "person interested in the estate." Code Civ. Proc. § 2614. Redfield, in his Law and Practice in Surrogate's Court (5th Ed.), at page 125, in considering the effect of this term, says:

"Doubtless, under the language of the present, as under that of the former statute, the rule obtains that any interest, or the bare possibility of interest, is sufficient to entitle one to be a party to the proceeding."

In re Greeley's Will, 15 Abb. Prac. (N. S.) 393.

Section 2514, subd. 11, Code Civ. Proc., provides:

"The expression, 'person interested,' where it is used in connection with an estate or fund, includes every person entitled either absolutely or contingently to share in the estate * *, * as husband, * * * legatee, * * * grantee or otherwise, except as a creditor."

The interest of the plaintiff in this action is identical with that required in a petitioner to present his petition for proof of will in surrogate's court. The extent of his interest is unimportant. That it may depend upon a future event, that upon an accounting it may ultimately be determined he has no pecuniary interest, does not debar him from instituting and maintaining the proceeding. In this action the plaintiff is named as a legatee. To be sure, it may be shown eventually that her bequest has been paid; that she has received the $100,000. If so, that would be a bar to any recovery by her of the legacy. But, in order to be in a position to litigate that question with the executor, the codicil must be admitted to probate. That is the foundation essential to enable her to test her right to recover the legacy. While the existence of an interest is essential to set in motion this action, or any proceeding of a kindred nature, that interest need not be an absolute one. It may be that the defendants, by answer, can allege that the legacy was settled upon the plaintiff during the lifetime of the decedent, and thus litigate that question,—a proposition which it is not important for us to determine as the case is now presented. We think, however, the complaint shows a sufficient interest in the plaintiff to meet all the requirements imposed upon her. Subdivision 1, § 1861, Code Civil Proc., provides that the will must be lost or destroyed "before it was duly proved and recorded within the state." It is urged that the complaint must show the negative to exist, that the will has not been proved. This is a matter of defense. The criticism is somewhat hypercritical, for the admission to probate of the codicil by any court of competent jurisdiction would render the further prosecution of the action futile, for that is the right the plaintiff seems to be struggling to obtain. The interlocutory judgment sustaining the demurrer should be reversed, with the costs and disbursements of this appeal, and the demurrer overruled, with costs, with leave to the defendants to answer upon payment of the costs.

So ordered. All concur, except ADAMS, P. J., not voting.