EXECUTORS—JUDICIAL SETTLEMENT—RIGHT OF NEXT OF KIN TO APPEAR.

Under Code Civ. Proc. § 2728, providing, in regard to the judicial settlement of an executor's account, that a person interested in the estate is entitled to appear on the hearing, and section 2514, subd. 11, defining a "person interested" as including one entitled, absolutely or contingently, to share in the estate as next of kin, the application of one of the next of kin to appear should be granted, without deciding on the motion his right to share in the estate, which question should be reserved for the accounting, where it depends on the survivorship of testator and two other persons, who perished in a common disaster.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the accounts of Gamaliel C. St. John as executor of Wallace C. Andrews, deceased. From an order appointing a referee, and from an order denying the application of Norman C. Andrews to appear and present objections to the account, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Harold Nathan, for appellant.

Wm. N. Cohen and James W. Hawes, for respondent executor.

Herbert H. Gibbs, for respondent St. John.

Ferdinand Shack, for respondent Bruce.

Henry Wollman and Virgil P. Kline, for respondent Andrews Inst.

Edmund Wetmore, for respondent Smithsonian Inst.

O'BRIEN, J. The testator, Wallace C. Andrews, died in a fire which destroyed his home, and in which several other people perished, including his wife and her sister-in-law, Mrs. St. John. Mr. Andrews left a last will and testament, which was duly admitted to probate, and while this proceeding for the judicial settlement of the executor's accounts was pending Norman C. Andrews, a brother of testator, and one of the next of kin, made a motion for an order permitting him to appear in the proceeding and to file objections to the executor's account. The applicant claims that Mr. Andrews died intestate as to a portion of his property, and that he, as one of the decedent's next of kin, is entitled to share in that portion of the estate. The moving papers set out the applicant's position as follows: First. It is alleged that Mrs. St. John, above referred to, and who was a legatee under the will, did not survive the testator; that her legacy therefore lapsed, and Mr. Andrews died intestate as to the amount thereof, which entitled the applicant to share therein. Second. That by his will Mr. Andrews bequeathed more than one-half of his entire estate to a charitable or benevolent institution, the Andrews Institute for Girls, to be thereafter organized; that the testator had a wife, who did not predecease him, and that so much of this bequest as exceeded one-half of his estate was invalid under chapter 360, p. 607, of the Laws of 1860, and therefore the testator died intestate as to such excess. Third. That the charitable institution mentioned in the will was not incorporated until some time after Mr. Andrews' death, and that he died intestate as to so much of the income from the legacy to it as accrued intermediate his death and its incorporation. From these allegations and from the opposing affidavits it was shown that the right of the petitioner to appear in the proceeding and to file objections to the account depended upon the determination of a disputed question as to the survivorship of three people who perished in a common disaster, and to aid him in determining that issue the surrogate sent the matter to a referee.

It is not necessary, as we view this matter, to analyze the evidence describing the grewsome tragedy which destroyed the unfortunate occupants of the burned house. The referee, after an exhaustive hearing, found that the fact of survivorship as between the testator and his wife was unascertainable, and that the evidence did not establish that Mrs. Andrews survived her husband; that the fact of survivorship as between the testator and Mrs. St. John was unascertainable, and that the evidence did not establish that Mrs. St. John survived the testator. From these findings of fact he concluded as matter of law that the legacy to Mrs. St. John had lapsed, and as to it the testator died intestate, and the applicant was entitled to share therein; that he was therefore a person interested in the estate, within the meaning of section 2728 of the Code of Civil Procedure, and should be permitted to appear on the accounting. On the coming in of the referee's report, however, the surrogate, upon the same testimony, reached a different conclusion, both as to the facts and as to the law. He found as a fact that Mrs. St. John survived the testator, and as matter of law that the legacy to her had not lapsed, and therefore the applicant had no interest in the estate, and his motion to appear on the accounting was for that reason denied. This appeal is taken by the applicant both from the order appointing the referee and also from the order denying the motion to be permitted to appear and file objections to the account.

In our opinion, the practice adopted by the learned surrogate was improper under the peculiar circumstances of this case. Section 2728 of the Code of Civil Procedure provides, among other things, in relation to the judicial settlement of an executor's account, that "a creditor, or person interested in the estate, although not cited, is entitled to appear on the hearing, and thus make himself a party to the proceeding." And section 2514, subd. 11, recites that "the expression 'person interested,' where it is used in connection with an estate or a fund, includes every person entitled, either absolutely or contingently, to share in the estate or the process thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor." The applicant had not been cited upon the accounting, and it is conceded that he is one of the next of kin, and entitled to share in any portion of the estate of which Mr. Andrews died intestate. It was made to appear by the moving papers that if the testator survived Mrs. St. John, or if the testator's wife survived him, some part of the estate was undisposed of by the will. It also appeared that all the parties had perished in a common disaster, and therefore the question of survivorship was a very grave one, that could only be determined by an exhaustive hearing and the solution of vexed questions of law concerning the presumptions of survivorship that would arise from the evidence describing the disaster. We think, under these circumstances, the moving papers showed that the applicant had an interest in the estate sufficient to entitle him to appear upon the accounting, so that his interest, whatever it might be, together with the interest of all the other heirs and next of kin, could be finally determined in that proceeding.

It is true that, where an application of this kind is made, the surrogate, before granting the motion, may ordinarily examine into the question of whether the applicant is a party interested in the estate (Matter of Comins' Estate, 9 App. Div. 493, 41 N. Y. Supp. 323), and, if necessary, in order to aid him in determining that question, he may, in a proper case, send the issue to a referee. Therefore we do not hold that ordinarily the surrogate may not rightfully pursue the course here adopted, but we are of the opinion that under the facts as here shown in these moving papers he should not have finally determined the claim of the appellant as upon a motion. Whether the legacy to Mrs. St. John had lapsed, and whether a large part of the legacy to the Andrews Institute was void, depended, as already intimated, upon the survivorship of three persons who died in a conflagration. The questions presented concededly required for their determination a full and orderly hearing in the regular way, and in a proceeding where all the parties interested could litigate their claims. Yet, so far as the applicant is concerned, his rights have been determined upon a motion, the reference being ordered simply to aid the surrogate in passing upon that motion. This procedure was not proper. Certainly the applicant had shown such a bona fide claim to a possible interest in the estate that he should not have been denied the right to appear on the accounting for the purpose of protecting whatever interest he might have in the funds held by the executor. When a surrogate can see, from the moving papers upon an application of this character, that a real question is presented involving the right of the applicant and of other heirs and next of kin to participate in the distribution of a portion of the estate, justice requires that he should not proceed to the determination of a question of such vital importance without the presence of all the parties who may be affected by his adjudication. Riggs v. Cragg, 89 N. Y. 479. Nor should the applicant, by the denial of his motion to appear, be deprived of his privilege of appealing, as matter of right, to the Court of Appeals for a final adjudication of his claim. We have grave doubts as to whether an appeal will lie, as matter of right, to that court, from an order denying a motion of this character; but, while we do not pass upon that question, it is apparent that, if he is in fact deprived of such right by the practice adopted by the surrogate, he would be substantially prejudiced if we should approve of that practice. But, irrespective of this latter consideration, we are of the opinion the motion should have been granted. The statute provides that on the final accounting all the parties interested shall be cited, and in that proceeding jurisdiction is conferred upon the surrogate to settle all conflicting rights and interests that may arise concerning the fund to be distributed by the executor. It is the settled policy of our courts to permit a person having, or in good faith claiming to have, an interest in the subject-matter of a judicial proceeding, to appear in that proceeding with a view of having his contentions passed upon in the regular way; and for this reason the applicant should have been permitted to appear on the accounting. Johnston v. Donvan, 106 N. Y. 269, 12 N. E. 594; Fisher v. Banta, 66 N. Y.

468, 481; Donlon v. Kimball, 61 App. Div. 31, 70 N. Y. Supp. 252; Matter of Watts, 68 App. Div. 357, 74 N. Y. Supp. 75; Matter of Skinner, 81 App. Div. 449, 80 N. Y. Supp. 1067; Matter of Meyer's Estate, 98 App. Div. 7, 90 N. Y. Supp. 185.

It may also properly be noted that the practice adopted by the surrogate possibly subjects the estate to extensive and protracted litigation. The decision upon this application is not binding upon any of the other heirs or next of kin of the testator. Notwithstanding the denial of Norman C. Andrews' motion, any and all of the other heirs or next of kin may make a similar application—as, indeed, two others have already done—and, if we should approve of the surrogate's procedure, each subsequent application would require a new reference and the re-examination of the entire matter, which has been exhaustively investigated on this motion. In our opinion, the estate should not be subjected to these numerous references, with their attendant cost and delay, when all the parties who claim an interest in the estate could be cited on the accounting, as they should be, and in that proceeding an adjudication could be made which once and for all would settle all claims upon the estate.

For these reasons the order appealed from must be reversed, with costs, and the motion of the applicant granted, with costs, to abide final award of costs. All concur.