## In re LAFFARGUE'S ESTATE.

(Supreme Court, Appellate Division, First Department.    January 20, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 472*)—FINDINGS OF SURROGATE—CON-
CLUSIVENESS.

A surrogate's finding, on petition to compel an executor to account,
that testator's wife survived him, as affecting distribution of the estate,
does not bind parties neither cited nor heard.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 2038; Dec. Dig. § 472.*]

2. EXECUTORS AND ADMINISTRATORS (§ 472*)—ACCOUNTING—FINDINGS.

On application by testator's wife's heir and executrix under Code Civ.
Proc. § 2727, to compel the executor to account, it was unnecessary for
the surrogate to formally determine whether the wife survived testator,
they having died from injuries received in the same accident, and a find-
ing on that question should be stricken; but it was proper for the sur-
rogate to take evidence to satisfy himself that petitioner's claim that
the wife survived was probably well founded, enabling her to maintain
the proceeding to protect her rights.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 2038; Dec. Dig. § 472.*]

3. EXECUTORS AND ADMINISTRATORS (§ 472*)—ACCOUNTS—SETTLEMENT.

Code Civ. Proc. §§ 2727, 2728, relating to settlement of executor's ac-
counts, make no distinction between the right to institute proceedings
for settlement and to intervene therein.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 2025–2040; Dec. Dig. § 472.*]

Appeal from Surrogate's Court, New York County.

In the matter of the estate of J. George Laffargue, deceased.   From
an order by the surrogate, Edward Herman, executor, appeals.   Mod-
ified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

George D. Zahn, for appellant.
Edwin T. Taliaferro, for petitioner.

LAUGHLIN, J.   This is not a petition for the payment of a legacy
or other pecuniary provision or distributive share under a will made
pursuant to the provisions of section 2722 of the Code of Civil Pro-
cedure, which must be dismissed without prejudice to an action or an
accounting in behalf of the petitioner where the executor or adminis-
trator files an answer in writing, duly verified, denying the validity or
legality of the petitioner's claim, and setting forth facts which show
that it is doubtful whether it is valid and legal.   The petition evidently
was presented pursuant to the provisions of section 2727 of the Code
of Civil Procedure, on the theory that the petitioner is "a person in-
terested in the estate or fund" referred to in the petition, and for the
purpose of having the Surrogate's Court exercise the power conferred
by section 2726 of the Code of Civil Procedure to compel a judicial
settlement of the accounts of the executor.

The petition is presented by Laura Blakeney, whose maiden name

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was Kimmelman, and who evidently was the stepdaughter of appellant's testator, both individually and as executrix of the last will and testament of her mother, Henrietta Laffargue, deceased, and she presents it in behalf of her infant sister Viola Kimmelman, of whom she is guardian as well. It appears that on the 18th day of August, 1906, said J. George and Henrietta Laffargue, who were husband and wife, died at Allaire, N. J., from injuries received by a collision on that day between a train on the Pennsylvania Railroad and an automobile in which they were riding. They each left a last will and testament. The husband's will was duly admitted to probate in the Surrogate's Court of the county of New York on the 4th day of November, 1906. He bequeathed all moneys collected on policies of insurance on his life to his wife. He left two sons, and he directed his executors, in their discretion, to carry on his copartnership business, or to sell his interest therein, and from the income thereof to apply a sufficient sum for the maintenance and support of his son Gerard until he should become of age, at which time he directed them to divide his personal estate, other than the sum realized on insurance policies, and, without specifying into how many shares it should be divided, he directed that "one of such shares" shall be paid to his son Gerard at his majority, and another share at that time to his son Henry Andre, and he gave, devised, and bequeathed to his wife "two shares of my estate whether real or personal to be paid to her when my said son Gerard Laffargue, shall arrive at the age of twenty-one years." The petition shows that the petitioner and her said sister were the only children, heirs, and legatees of said Henrietta Laffargue, whose will was duly admitted to probate in the Surrogate's Court in the county of New York on the 1st day of November, 1906. The petition further shows that the appellant as such executor has collected $10,000 accident insurance on the life of his testator, and the sum of $2,000 life insurance, and the sum of $9,000 on the sale of stock in the Laffargue Piano Company, belonging to his testator, for all of which he is accountable as executor, and that more than two years have elapsed since his appointment and qualification as executor, and that he has not accounted.

On the petition a citation was duly issued to the executor, who filed an answer setting forth, in substance, that the husband and wife died at the same time from the injuries received by a collision, and he therefore denied that the wife of the testator survived him. Thereupon, the surrogate on motion of the attorney for the petitioner appointed a referee to take proof and report the evidence with his opinion thereon as to whether said Henrietta Laffargue survived her husband, and the interest of the petitioner and of her sister in the estate of the testator, and reserved all other questions until the coming in of the report. The referee thereafter filed a report containing certain findings of fact, the first of which is that the wife survived her husband. Thereupon the surrogate made an order adopting the first finding of the referee and directing the executor to account.

The other parties interested in the estate have neither been cited nor heard, and therefore this finding cannot bind them. We are of opinion, however, that it was unnecessary for the surrogate to thus formally determine the question of fact, and therefore the finding should

be stricken from the order. It was entirely proper for the learned surrogate to take evidence, through a reference or otherwise, to satisfy himself that the claim of the petitioner that her executrix survived the testator was probably well founded, and that, therefore, there was reason to believe that she had an interest in the estate which would enable her to institute the proceeding, to the end that her rights might be protected and ultimately adjudicated when all parties in interest may be heard. That is the rule adopted by this court in the matter of St. John, 104 App. Div. 460, 93 N. Y. Supp. 836, and 104 App. Div. 622, 93 N. Y. Supp. 840, where the person claiming an interest through an alleged survivorship of one of several persons meeting their death in a common casualty applied to be admitted as a party to the proceedings on the accounting of the executor of one of the parties so dying. The statute makes no distinction between the right of a party to institute a proceeding for the judicial settlement of the accounts of an executor and to intervene therein, and therefore that rule is applicable here. Code Civ. Proc. §§ 2727, 2728. See, also, Matter of St. John, supra.

It follows, therefore, that the order should be modified by striking out the provision thereof by which the first finding of the referee is adopted and found, and substituting in lieu thereof a recital that the petitioner has presented prima facie evidence that she is interested in the estate and is entitled to institute the proceeding, and, as thus modified, affirmed, without costs. All concur.