In the Matter of Proving the Last Will and Testament of WILDERS GRAY VERNER, Deceased.

ELLA FRANCES KNUST, Appellant; JULIA VERNER, Respondent.

Second Department, April 24, 1925.

Wills — probate — application by alleged daughter of testator to be brought in as party to probate proceeding and to have supplemental citation issued to her — applicant's want of interest is not obvious — duty of surrogate under Surrogate's Court Act, § 20, to issue supplemental citation.

It was, under section 20 of the Surrogate's Court Act, the duty of the surrogate in this proceeding to probate a will to bring in the petitioner as a party to the proceeding and to direct that a supplemental citation be issued to her, since it appears that she claims to be the daughter of the testator and that her want of interest in the estate is not obvious; she should be given an opportunity of having her interest determined after a proper hearing before the court.

APPEAL by the petitioner, Ella Frances Knust, from an order of the Surrogate's Court of the county of Richmond, entered in the

office of said Surrogate's Court on the 11th day of December, 1923, denying petitioner's application for an order directing that a supplemental citation issue to her and that she be brought in as a party to a proceeding to probate the will of Wilders Gray Verner, deceased, then pending before the court.

*Frank H. Innes* [*Edward T. Kelley* with him on the brief], for the appellant.

*John G. Clark* [*Albert C. Fach* with him on the brief], for the respondent.

Kelly, P. J.:

The verified petition alleged that the appellant was a child of the testator, that she had not been cited to attend or notified of the probate proceeding. We think it was the duty of the surrogate to issue the supplemental citation (Surrogate's Court Act, § 20), and that the question of her interest in the estate should be determined in the proceeding. As it is, the petitioner has been denied the right to appear in the proceeding, on a motion, without a full and orderly hearing, and without any findings or decision as to her *status*. " When a surrogate can see from the moving papers upon an application of this character that a real question is presented involving the right of the applicant and of other heirs and next of kin to participate in the distribution of a portion of the estate, justice requires that he should not proceed to the determination of a question of such vital importance without the presence of all the parties who may be affected by his adjudication.   *   *   *. It is the settled policy of our courts to permit a person having or in good faith claiming to have an interest in the subject-matter of a judicial proceeding to appear in that proceeding with a view of having his contentions passed upon in the regular way." (*Matter of St. John*, 104 App. Div. 460, 463.)

If the applicant's want of interest were obvious, if upon the face of the papers it was apparent that she was an interloper, the surrogate might summarily dispose of her application. But this is not such a case. Nevertheless she has been in effect denied a hearing in the proceeding in which the other heirs of the decedent are parties. The door of the court has been closed against her and her application has been denied without any adjudication as to her rights. This seems to be entirely irregular. Again, the proceedings before the learned surrogate upon the motion appear to be very incomplete. She testified to dealings with her stepmother, the proponent, and with the other children of the decedent, and neither the stepmother nor the other children were called to contradict her. The learned surrogate in his memorandum filed

says: " Nor has the petitioner been able to rebut the presumption that she is the legitimate daughter of Benjamin Whaley, with whom she and her sister lived for a number of years in Richmond county and under whose name she registered at the public schools." I am at a loss to know what " presumption" the learned surrogate had in mind. The petitioner testified to her stay with the Whaley family, as she said, at the request of her alleged father. I do not know whether the petitioner is the child of the decedent or not, and do not attempt to decide the question. But the record of the hearing on this very important question is entirely unsatisfactory. The matter should be inquired into in the regular way in the probate proceeding, and the petitioner's witnesses, mentioned in her testimony, should be summoned and her case should be properly presented and tried.

The order of the Surrogate's Court of Richmond county denying petitioner's application to be made a party to probate proceedings, and that a supplemental citation issue to her, should be reversed upon the law and the facts, with ten dollars costs and disbursements to appellant, payable from the estate, and the application should be granted.

JAYCOX, MANNING, YOUNG and KAPPER, JJ, concur.

Order of the Surrogate's Court of Richmond county denying petitioner's application to be made a party to probate proceedings, and that a supplemental citation issue to her, reversed upon the law and the facts, with ten dollars costs and disbursements to appellant, payable out of the estate, and application granted.