In the Matter of the Estate of MORRIS MEISELMAN, Deceased.

Surrogate's Court, Kings County, October 3, 1930.

*Moss, Marcus & Wels,* for the petitioner.

*William Weintraub,* for Morris Bienenstock.

*Abraham J. Gellinoff,* for Theodore R. Racoosin.

*Strongin & Hertz,* for Brooklyn Hebrew Home and Hospital for the Aged, legatee.

*Lewis, Marks & Kanter,* for Brooklyn Hebrew Orphan Asylum, legatee.

*Julius Stern,* for the Home of the Sons and Daughters of Israel and the Associated Hebrew Day Nursery, Inc., also known as Hebrew Day and Night Nurseries, legatees.

*Brill, Bergenfeld & Brill,* for Daughters of Israel Day Nursery, legatee.

WINGATE, S. This is a motion seeking a direction to the clerk of this court to receive the moving parties' petition for probate of the will and codicil of this decedent and to issue a citation thereon and to stay all proceedings in connection with a previously filed petition for probate of the same instruments and cancel the citation issued thereon.

The alleged will and codicil which both parties seek to probate are dated respectively January 6, 1928, and August 29, 1928. The " Nineteenth " item of the alleged will names Jacob Robbins, Morris Bienenstock and Isidor Wels as executors and trustees and requests that the last named be retained as attorney for the estate. Item " First " of the alleged codicil in terms revokes " the appointment of Isidor Wels as one of my executors of my last will and testament " and purports to appoint Theodore T. Racoosin " an executor in the place and stead of Isidor Wels."

Decedent died on September 5, 1930. On September fifteenth an application made on behalf of Bienenstock and Racoosin to open decedent's safe deposit box to search for a will was granted by this court and on September sixteenth the purported will and codicil were duly filed in this court. On September seventeenth a petition for probate of these instruments made by Isidor Wels was presented. This petition alleged that he was acting in his capacity as testamentary trustee. Citations were duly issued thereon, returnable October eighth. According to the moving papers on this application, Bienenstock and Racoosin verified a petition for probate and this was presented to the probate clerk inferentially on September seventeenth or eighteenth, but after the previous petition had been entertained and the citations issued thereon.

By reason of the provisions of rule 8 of this court the second petition was not entertained. This rule reads: " No petition for the probate of a will  *   *   *  will be entertained during the pendency of a prior proceeding for the same or like relief respecting the same estate  *   *   *."

The moving parties herein do not deny the application of this rule, their contention being, *first*, that executors named in a will have a prior right to petition for probate; and, *second*, that the intention of testator in revoking Mr. Wels' designation as executor was to also revoke his designation as testamentary trustee.

Section 139 of the Surrogate's Court Act enumerates the individuals who may propound a will for probate. Such petition may be filed by " Any person designated in the will as executor, devisee, legatee, testamentary trustee or guardian  *   *   *."

The use of the disjunctive word " or " would seem to connote an intended meaning that any one of the persons, indiscriminately, occupying any of the named relations to the subject-matter, was directly authorized under the statute to act. Whereas the precise point presented has never previously been raised in this State, it has been the uniform holding that the basic test of authority to propound is interest in the estate. (*Donlon* v. *Kimball*, 61 App. Div. 31, 33; *Matter of Bradley*, 70 Hun, 104, 108; *Foster* v. *Foster*, 7 Paige, 48, 51; *Matter of Weston*, 60 Misc. 275; affd., 131 App. Div. 901.)

The moving parties frankly stated on the argument that they had been unable to find any authority for the position that an executor possessed a prior right to probate. The only American authority to that effect is the decision of the Supreme Court of

the State of Georgia in *Finch* v. *Finch* (14 Ga. 362), which expressly determined this point in April, 1853. This opinion apparently confuses the propounding of the will with administration of the estate, which are, of course, two entirely diverse matters. Thus, the court says (at p. 364): " there are pecuniary benefits attached to the office of executor, of which the individual cannot be deprived * * *."

The main authority for the position of the court is Williams on Executors and Administrators, which, indeed, states that the English rule gave the executor priority (7th Am. ed. p. 372), although saying in a footnote that the rule never pertained in this country. The only authority cited for this English rule is *Wankford* v. *Wankford* (incorrectly cited as reported in 1 Salk. 309, the correct citation being 1 Salk. 299). This was decided in 1701. One of the opinions of the court, rendered by Chief Justice HOLT, contains a pure dictum, argumentatively advanced to the effect stated by Williams. No English decision to this effect has been found.

The correct theory is undoubtedly that stated by the General Term, Second Department, in *Matter of Lasak* (reported by memorandum only in 56 Hun, 647, but given in full in the affirming opinion of the Court of Appeals, 131 N. Y. 624), that the proceeding for probate is one *in rem* in which " all of the parties could become active," from which it would follow that any party interested in the *rem* should be permitted to initiate the proceedings to bring it within the jurisdiction of the court. (See, also, other opinions in the same case in 1 Con. Sur. 486 and 57 Hun, 417, 418.) It follows, therefore, that the position of petitioners that an executor has a prior right to petition for probate cannot be sustained.

The second point raised by the moving parties must also be decided against them. It is undoubtedly incumbent on a person propounding a will to establish his statutory interest in the subject-matter in like manner as is required from a contestant (*Matter of Hammond*, 163 App. Div. 877; *Matter of Erlanger*, 136 Misc. 784, and cases cited), but in the case at bar this is accomplished by a mere reading of the alleged will and codicil. In the former, distinct trusts are apparently erected and Mr. Wels is appointed one of the trustees thereof in addition to being named as executor. The codicil purports to revoke the executorial appointment but makes no reference to that of trustee. The two offices are distinct and involve the performance of separate duties. The cancellation of the one appointment in no way invalidates the second, as a codicil only revokes so much of a will as is inconsistent with its terms. (*Bloodgood* v. *Lewis*, 209 N. Y. 95, 103.)

The motion is, therefore, denied.