In the Matter of the Estate of HARRY ZWICK, Deceased.

Surrogate's Court, Kings County, September 10, 1931.

*Louis Silberstang*, for the petitioner.

*Herman Morris*, for the administratrix.

WINGATE, S. The present proceeding was instituted by a petition dated and verified June 3. 1931, to compel the administratrix to file an inventory.

The decedent died on April 4, 1930, and letters were granted to the respondent by this court on April 22, 1930.

The provisions of the Surrogate's Court Act relating to the making and filing of an inventory are contained in article 11 and contemplate the preparation and filing of an inventory by the personal representative of the decedent within three months after qualification, section 199 further providing that upon failure to file, " the surrogate of his own motion or upon the petition of a creditor * * * may make an order requiring the delinquent to return the inventory, or a further inventory."

It appears from the petition that a purported inventory was filed, after the demand of the petitioner, on April 18, 1931. It is the contention of the petitioner that this was insufficient.

The allegations of the petition further set forth that petitioner " is a creditor of the estate of the above-named decedent arising out of a claim for services rendered and performed as is more fully set forth in the petitioner's notice of claim served personally on the administratrix on the third day of April, 1931," which alleged claim was rejected by the administratrix. No copy of this proof of claim is annexed to the petition and it contains nothing further regarding the facts upon which the alleged claim is based. Any liability of the estate to the petitioner is earnestly denied by the administratrix, who also disputes in detail the allegations of the petition respecting her failure to include all of the assets of the decedent in the purported inventory.

Under the terms of section 199 the right of the petitioner to the relief prayed, in the absence of direct action by the surrogate, depends on the establishment of his status as a creditor. This relation is defined in subdivision 3 of section 314 of the Surrogate's Court Act as follows: " The word ' debts ' includes every claim and demand, upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action, the word ' creditor ' includes every person having such a claim or demand."

It is obvious that the right of the petitioner to demand the relief sought must depend upon his preliminary establishment of the fact that he is in the class of individuals to whom the law gives such rights. (Compare *Matter of Meiselman,* 138 Misc. 104; *Matter of O'Keefe,* 135 id. 394; *Matter of Erlanger,* 136 id. 784, and cases cited.)

As noted by the late Surrogate BRADFORD, in *Burwell* v. *Shaw* (2 Bradf. Sur. 322), it would be an extremely inconvenient matter were the court to be called upon to determine the validity of claims and thus try the question of interest in cases of this type. As a

result, therefore, upon a *prima facie* showing of the status of creditor, it is the policy of the court, substantially on its own motion, to compel the filing of such an inventory, even if the status of the petitioner is denied. This practice, however, in so far as followed, should be strictly confined within the limits of the decision noted. An alleged creditor should be compelled to make a *prima facie* showing of the existence of his interest. This the present applicant has wholly failed to do in his moving papers.

A further consideration which must lead to the denial of this application is the fact that its apparent purpose is merely to embarrass the administratrix, rather than to lead to any positive, tangible relief for the petitioner. As has been noted, the letters of administration were issued on April 22, 1930. Wherefore, if the petitioner is really an interested party, honestly seeking relief, he can and should petition for a compulsory accounting by the administratrix, at which time all questions respecting what should be included in the assets of the estate and the validity of the petitioner's claim can be effectively and finally passed upon.

In view of all the circumstances of the case, it is the opinion of the court that the application should be denied, not only on account of the inadequacy of the allegations of the petition, but because of the laches of the petitioner in claiming the relief sought. (*Thompson* v. *Thompson*, 1 Bradf. Sur. 24.)

Proceed accordingly.