In the Matter of the Application of EDWARD R. CASSIDY, an Interested Person, to Open, Set Aside and Revoke the Decree of Probate of the Last Will and Testament of JOHN CLINTON CASSIDY, Deceased.

EDWARD R. CASSIDY, Appellant; JULIETTE B. BEVINGTON, Individually and as Executrix, etc., of JOHN CLINTON CASSIDY, Deceased, and Others, Respondents.

Third Department, March 12, 1935.

*Edouard L. Dunne* [*Henry F. Cochrane* of counsel], for the appellant.

*George J. Hatt, 2d,* for the respondents Juliette B. Bevington and Frances Eliot Heiner.

*Cooper, Erving & Savage* [*William V. R. Erving* of counsel], for the respondent B. Jermain Savage.

HILL, P. J.    The last will and testament of John Clinton Cassidy, deceased, was admitted to probate July 28, 1932, by the Albany County Surrogate's Court.    While deceased did not own property, by the will, if it be held valid, he exercised the power of appointment as to the disposition of a trust fund created under the will of his uncle, William R. Cassidy.    He was given the use of the fund for life with the power to dispose of it by his will.    Edward R. Cassidy, uncle of John Clinton Cassidy and brother of William R. Cassidy, appeals from an order which denies his application to vacate the decree of probate and to be permitted to intervene in the proceeding.    The ground for the application was that John Clinton Cassidy, at the time the will was made, was not mentally qualified to exercise the power of appointment; that Edward R. Cassidy, the appellant, was a necessary or at least a proper party to the proceeding for probate, being one of the two surviving next of kin of William R. Cassidy, deceased, and entitled, under the intestate laws, to one-half of the trust fund involved in the event it should be determined that John was not mentally qualified to exercise the power of appointment.

During the pendency of the proceeding and at the time of probate, appellant was living temporarily in France.    He was not cited, but learning of the proceeding cabled the surrogate that he was a guardian or committee of the alleged testator and expressed his " protest " as to any will presented.    The trustee of the fund states concerning the failure to cite appellant on the probate proceeding that " he was neither a next of kin nor an heir at law of

decedent." It is of course true that appellant would not be entitled to a citation as to property belonging to John. The property that passes under John's power of appointment or will belongs to the estate of William until it be determined by the probate of John's will that he was competent to exercise the power of appointment. No one suggests that John's competency should be determined on an accounting of the trustee under William's will. Apparently it is mutually agreed that the probate proceeding as to John's will is the proper place to determine his mental capacity to exercise the power of appointment. Persuasive argument may be advanced that the Surrogate's Court Act makes appellant a necessary party to the probate. In reading the sections one should consider that the language is intended to apply under usual conditions, *i. e.*, when the alleged testator was the owner of the property disposed of by the will. Then the heirs and next of kin who, under the intestate laws would have an interest in the property passing under the will, are necessary parties. This because the will cuts off or changes rights which would be enjoyed otherwise. Section 140 of the act, listing the persons who must be cited on the probate of a will, by reference makes sections 53 and 54 a part thereof. Section 53 requires that a citation shall give the name " of the person to whose estate or fund the proceeding relates." The fund at the time of the probate was a part of the estate of William. This fact should have appeared in the citation. His kin would be cut off by this will, and the general intent of the act would require that they be cited. However, in order to give appellant standing in court, it need not be determined that he was a *necessary* party and that failure to cite him was fatal to the legality of the proceeding, for section 147 of the act makes him a *proper* party. " Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate * * * may file objections to any will or codicil so offered for probate." True this section requires that the objections be filed before the close of the testimony " or at such subsequent time as the surrogate may direct." The surrogate's directions thereunder must be reasonable in light of all the surrounding circumstances. It has been said under conditions somewhat similar to those here presented that " When a surrogate can see from the moving papers upon an application of this character that a real question is presented involving the right of the applicant * * * to participate in the distribution of a portion of the estate, justice requires that he should not proceed to the determination of a question of such vital importance without the presence of all the parties who may be affected by his adjudication. * * * It is the settled policy of our courts to permit a person

having or in good faith claiming to have an interest in the subject-matter of a judicial proceeding to appear in that proceeding with a view of having his contentions passed upon in the regular way." (*Matter of St. John,* 104 App. Div. 460, 463, 464.) There are other authorities which sustain this view. (*Riggs* v. *Cragg,* 89 N. Y. 479; *Matter of Verner,* 212 App. Div. 599; *Dworsky* v. *Arndtstein,* 29 id. 274.)

Appellant first sought relief by bringing an action for declaratory judgment concerning the mental capacity of John. The action was defended upon the ground that the Surrogate's Court was the proper forum, and judgment was denied for that reason. He moved with reasonable expedition thereafter to be allowed to intervene. His application should be granted if he has offered substantial evidence tending to defeat the will and to indicate good faith. For several years John was confined in a hospital or hospitals for treatment of his mental disorders. Three physicians who had examined or treated him each expressed an opinion that he was insane at the time the will was executed and had been for a long time prior. Another physician expressed no opinion, but related a circumstance indicating an unbalanced mind. A layman who was closely associated with him recounted irrational acts. In a petition made by his mother in connection with his commitment to an insane asylum, it is stated, " That he is and always has been backward mentally. That he is and always has been irresponsible. That he is uncontrollable and that he does irrational things."

The attorney who prepared the will did so at the direction of the mother, and without John being present. She is named as the chief beneficiary. The attorney says, " I have taxed my memory and do not believe that I ever saw the decedent until the day when he actually executed the will and when all three of the parties came to my office. I asked the young man, in the usual way, whether he understood the contents of his proposed will and whether he was satisfied with it and his answer was in the affirmative." Appellant has shown sufficient facts to entitle him to the relief asked.

The decree denying petitioner's application should be reversed.

McNAMEE and BLISS, JJ., concur; CRAPSER and HEFFERNAN, JJ., dissent on the ground that the Surrogate's Court had authority to vacate the decree for one of four reasons — fraud, newly-discovered evidence, clerical error or other sufficient cause. The petitioner in this case charged neither fraud nor clerical error and consequently there are only two grounds left for our consideration. That is the only authority which the surrogate had. (*Matter of Hermann,* 178 App. Div. 182; affd., 222 N. Y. 564.) To warrant

opening a decree the evidence presented must be so clear and positive as to satisfy the court that if offered originally it would have changed the result. There is nothing in petitioner's papers by way of newly-discovered evidence or other cause which would justify the reopening of the original decree.

Decree denying petitioner's application reversed on the law and facts, with costs to the petitioner, appellant, payable out of the estate, and the application for order setting aside and revoking the decree admitting to probate the last will and testament of John Clinton Cassidy, deceased, granted, with leave to petitioner, appellant, to intervene in such proceeding and file objections in such form as he may be advised.