In the Matter of the Probate of the Will of ELIZABETH RAPP, Deceased.*

Surrogate's Court, Wayne County, September 27, 1943.

*John W. Brandt* for Flossie Gay, proponent.

*James Stafford* for Marion A. Lee and Anna L. Strahan, contestants.

BRASSER, S. The last will and testament of Elizabeth Rapp, deceased, has been offered for probate. Abraham Quackenbush, a distributee, died after the death of the decedent, survived by two daughters, Marion A. Lee and Anna L. Strahan, who have filed objections to the probate of decedent's will. The proponent moves for a dismissal of the objections, claiming that the persons objecting are not entitled to file objections under section 147 of the Surrogate's Court Act. The objectants are not named as legatees in decedent's will. The proponent contends that while an administrator of the estate of Abraham Quackenbush might have the right to file objections, the objectants, being merely persons interested in the estate of Abraham Quackenbush, have no interest in the probate proceedings.

Section 147 provides: "Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate; or interested as heir-at-law, next of kin, or otherwise, in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate; or is interested as devisee, legatee, executor, testamentary trustee or guardian in any other will or codicil alleged to have been made by the same testator and not duly revoked by him; may file objections to any will or codicil so offered for probate."

---

* Cf. *Matter of Plaster,* 179 Misc. 80. — [REP.

Manifestly, the daughters of Abraham Quackenbush have no interest " in the event as devisee, legatee or otherwise," in the will sought to be probated; nor are they interested in any manner prescribed by statute in any other will or codicil alleged to have been made by Elizabeth Rapp and not revoked by her. If they are permitted to file objections, it must be because they are interested as heirs at law, next of kin, or *otherwise* (italics mine), in any property, any portion of which is disposed of or affected by the will offered for probate.

Although the objectants are neither " heir-at-law " nor " next of kin " of the alleged testatrix, they are closely interested *otherwise* in the property attempted to be disposed of in the will offered for probate. Their interest is based upon a probability of a gain or loss of property by the probate of the will. It has long been the practice in this State to permit the representatives of a party deceased to interfere in a probate proceeding since the proceeding is one *in rem* and does not abate by the death of a party. However, this right does not preclude persons " interested * * * otherwise " from interfering in the same proceeding. (*Matter of Mackenzie*, 247 App. Div. 317.)

" When a surrogate can see from the moving papers upon an application of this character that a real question is presented involving the right of the applicant * * * to participate in the distribution of a portion of the estate, justice requires that he should not proceed to the determination of a question of such vital importance without the presence of all the parties who may be affected by his adjudication. * * * It is the settled policy of our courts to permit a person having or in good faith claiming to have an interest in the subject-matter of a judicial proceeding to appear in that proceeding with a view of having his contentions passed upon in the regular way." (*Matter of St. John*, 104 App. Div. 460.)

Motion to dismiss objections denied. Submit order.