S. Samuel Di Falco, S.
In this proceeding for the probate of the will, the executors of the now deceased widow, who is the residuary legatee under the will of the testator, have filed a petition for the issuance of letters of administration with the will annexed on his estate. A cross petition has been filed on behalf of Mrs. Elizabeth More, who asserts that her appointment as executrix is required in accordance with those provisions of the will which here follow:
“ fourth,: In the event that my said wife, agues m. brew, should predecease me or that she and I should die together or die as the result of a common disaster, even if it is positively proven that my said wife survives me, yet if her death follows mine so closely that she does not have the actual use and benefit of the bequests and devises to her made in this, my Last Will and Testament, then it shall be considered that my said wife died first and I survived her and in such event I give, devise and bequeath all of the rest, residue and remainder of my estate, real, personal and/or mixed, of whatsoever kind and nature and wheresoever the same may be situate, including that which might have been bequeathed and devised to me by my beloved wife, agues m. brew, in three (3) equal parts to my sisters, Elizabeth MORE, JOSEPHINE HEITMAN and MINNIE RIDGEWAY.
i ‘ fifth : In the event of the happening of any of the contingencies set forth in paragraph numbered ‘ fourth ’ of this, my Last Will and Testament, I hereby nominate, constitute and appoint my sister, Elizabeth more, Executrix of this, my Last *804 Will and Testament, without bond, any law of any State to the contrary notwithstanding. ’ ’
The deceased died of cancer on March 11, 1956. Mrs. Brew survived him by a period of 41 days, dying on April . 21 as the result of a cardiac condition. Because of the conceded fact that the deaths did not result from a common disaster, the executors of the widow insist that the appointment of Mrs. More is riot permissible because none of the conditions imposed by the testator as a prerequisite to her assuming office has been met.
The court is not presently concerned with the merits of the dispute which has been the subject of negotiations for settlement between Mrs. More and the executors of Mrs. Brew’s estate. The instant application is simply a motion by one of the residuary legatees named in Mrs. Brew’s will for leave to intervene in this proceeding in which no final decree has as yet been entered for though the will has been admitted to probate, the question of the appointment of the fiduciary was reserved for subsequent determination.
The moving party insists that the proposed settlement of the controversy would work an injustice to the estate of the testator’s deceased widow and those who share therein. She contends that her position as a residuary legatee under that will constitutes her a person who, if not a necessary party, at least has a sufficient interest in the present proceeding to entitle her to participate and so protect her own interest and those of others similarly situated.
Section 147 of the Surrogate’s Court Act provides that “ Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate; * * * may file objections to any will or codicil so offered for probate ” (italics supplied). The court reads this statute as entitling a person, otherwise qualified, to participate in a probate proceeding whether or not his or her purpose is to file objections. Upon the showing made by the moving party here, the court concurs in the conclusion that she is entitled to be represented for clearly her interest under the New Jersey will would be jeopardized if the settlement negotiated by the representative of the widow’s estate is not in all respects fair and proper.
The position of the New York courts concerning intervention by persons who occupy a status as interested although not necessary parties was best expressed in Matter of Davis (182 N. Y. 468) in which the provisions of section 2617 of the Code of Civil Procedure (now, substantially unchanged, Surrogate’s Ct. Act, § 147), was construed particularly with reference to the phrase “otherwise interested”. The court there *805 said (pp. 472-473): “ The statute in. authorizing a person ‘ who is otherwise interested in sustaining or defeating the will ’ to appear and at his election to support or oppose its probate, means only a person who has a pecuniary interest to protect, either as an individual or in a representative capacity. An interest resting on sentiment or sympathy, or on any basis other than the gain or loss of money or its equivalent, is not sufficient, but any one who would be deprived of property in the broad sense of the word, or who would become entitled to property by the probate of a will, is authorized to appear and be heard upon the subject. Conflict of jurisdiction and delay in administration may thus be voided. This accords with the general rule that every one may ask to be heard before a decree is made which may affect his rights, even if it does not finally determine them. Necessary parties must be brought in and proper parties may be, upon applying in due form and season. The section is new and in some respects formulates, but in others amplifies, the practice existing before the Code. (Foster v. Foster, 7 Paige, 48; Matter of Greeley, 15 Abb. Pr. [N. S.] 393; Estate of Bunce, 15 N. Y. S. E. 415; Dayton on Surrogates, 158; Williams on Executors, *295.) ”
To like effect, see Matter of Rapp (180 Misc. 731) and Matter of St. John (104 App. Div. 460).
For the reasons stated, the application for leave to intervene is granted. Submit order on notice.