(5 Misc. Rep. 367.)

### In re RAINEY'S ESTATE. ·

#### (Surrogate's Court, Orange County.   October, 1893.)

SUPPLEMENTARY PROCEEDINGS—DISTRIBUTIVE SHARE OF DEBTOR.
   Where administrators are also intestate's next of kin, a receiver appointed in supplementary proceedings against one of the administrators may compel an accounting, and object to improper disbursements.

Application by A. V. N. Powelson, as receiver in supplementary proceedings against Samuel R. Whitten, to compel said Samuel R. Whitten and John R. Whitten to account as administrators of the estate of Mrs. Rainey, deceased.   The administrators paid over the entire estate, with the exception of the amount of funeral expenses, to their father, on a claim presented by him for board of decedent for a period of 18 years, to the allowance of which the receiver objects.

Charles G. Dill, for petitioner.
O'Neil & Royce, for the administrators.

COLEMAN, S.   At the time of the appointment of the receiver, the legal title to the estate of the deceased was vested in her administrators, but her next of kin had an equitable interest in so much of the property as should remain after the payment of her debts and the expenses of the administration.   This equitable interest is property which could be legally assigned by the next of kin, even before settlement of the administrator's account, and is property which would pass by operation of law to a receiver, duly appointed.   By the appointment of the receiver, the interest of Samuel R. Whitten in the estate of the deceased, as one of her next of kin, was severed from his interest and duty as an administrator of the estate, and no improper act of his thereafter could defeat or prejudice the right which he had as one of the next of kin.   In other words, his act of allowing the whole of his father's claim, even though an honest debt of the deceased, when he should have only admitted so much of it as was not barred by the statute, cannot estop the receiver, as the representative of his interest in the estate, from objecting to his account, because of any theory that the receiver would be debarred from complaining of the act of the person through whom he received his title.   It was a duty which the law imposed upon the administrators to plead the statute against so much of the claim of Frank Whitten as was barred by limitation, and, having failed to do this, they can only be credited upon this accounting with the payment of so much as was a legal claim against this estate.   John R. Whitten, the other next of kin, consenting to the account as filed, the administrators will therefore only be charged upon this accounting with $453.20, Samuel R.'s distributive interest.