(109 App. Div. 854)

WESTHEIMER et al. v. HELMBOLD et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

BILLS AND NOTES—CONTRACT OF INDORSERS—ACCOMMODATION INDORSEMENT.

Defendants were accommodation indorsers on a note for $300, on which plaintiffs advanced $100 and agreed to advance the balance in case, defendants' references were satisfactory. Subsequently plaintiffs refused to advance the balance of the $300, unless another indorser was procured, and delivered the note to the maker to enable him to obtain another indorser. Instead of doing so, the maker destroyed the note. *Held*, that defendants were liable to repay plaintiffs the $100 loaned by the latter on the faith of the formers' indorsement.

Appeal from City Court of Yonkers.

Action by Ferdinand Westheimer and others against Horace Helmbold and others. From a judgment in favor of certain defendants, plaintiffs appeal. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Wilbur F. Earp, for appellants.
Stephen Fraser Thayer, for respondents.

MILLER, J. The facts in this case are undisputed. The defendants Jackson were accommodation indorsers on a promissory note for $300 made by the defendant Helmbold, upon which note the plaintiffs advanced the sum of $100, and agreed to advance the balance in case, upon investigation, the references given by the indorsers were found to be satisfactory. The note was delivered to the plaintiffs at the time the $100 was advanced. Subsequently, upon demand being made by the defendant Helmbold for the balance of the money, he was informed that the references were not satisfactory, and that no further sum would be loaned on the note without another indorser, which he promised to get, and for which purpose he obtained possession of the note. Instead of obtaining the other indorser, he took the note to the defendants Jackson, and it was destroyed in their presence. The action is now brought to recover the $100, and from the judgment in favor of the defendants Jackson, the plaintiffs appeal.

The trial court found as a fact that the plaintiffs refused to accept the note, and that it was never delivered to and accepted by them; but this finding is opposed to the uncontradicted evidence, which is that the note was delivered to, and accepted by, the plaintiffs for a loan of $100, and that it was returned to the maker for the sole purpose of obtaining another indorser named, whereupon the further sum of $200 was to be loaned. The respondents rely upon the rule that the contract of suretyship must be construed strictly, and that any departure from the strict terms of the contract discharges the surety; but the plaintiffs

need not quarrel with this rule in order to succeed. The contract of the surety has not been varied in any respect. There is nothing to show that they ever imposed as a condition of liability that the entire $300 should be loaned their principal, or that, if such condition was imposed, the plaintiffs had any reason to suspect it. The defendants became surety for the payment of the sum of $300. The contract was delivered to the plaintiffs as security for the payment of $100, and unless the defendants can complain because they are only asked to pay $100, whereas they should have been required to pay $300, the plaintiffs should succeed.

I think that the loan of the $100 upon the faith of the defendants' contract of indorsement made them liable on such contract for such amount, and advise that the judgment of the City Court of Yonkers be reversed, and a new trial ordered; costs to abide the event. All concur.