In the Matter of the Estate of EDWIN K. SCHEFTEL, Deceased.

Surrogate's Court, New York County, December 15, 1933.

*Patterson, Eagle, Greenough & Day,* for the petitioner.

*Andrew A. Fraser,* for the executors.

DELEHANTY, S.   Petitioner asserts a status as creditor of deceased because of an alleged balance unpaid upon shares of its stock. Respondent executors deny such creditor status and resist this compulsory accounting proceeding on the score that petitioner is not a person interested in the estate.   In these circumstances the court has not only the right but the duty to make preliminary inquiry into the status of petitioner.   (*Matter of Comins,* 9 App. Div. 492.)

In the trial of the narrow issue so before the court considerable proof has been taken and counsel have briefed *in extenso* various interesting questions of law which they conceive are involved in the facts respecting which testimony was given.   The court, however, should not here make any decision except in respect of the existence or non-existence of an interest in the estate by petitioner. In this preliminary stage the salutary rule is that the surrogate should limit his inquiry to a determination whether *prima facie* or even probably petitioner has such interest.   It would be going beyond the requirements of the present stage of the proceeding to make any determination as to an exact basis upon which petitioner's claim might rest or as to whether the legal objections to petitioner's claim as presented by the executors are valid or invalid objections. (*Matter of St. John,* 104 App. Div. 460; *Matter of Laffargue,* 142 id. 426.)

The proof in the record (even excluding the testimony of the witness Kies, whom the court believes to be competent to testify) suffices in the opinion of the court to establish such status of petitioner as entitles it to be heard fully upon an accounting.   The court is under obligation to permit petitioner to present its claim in an accounting proceeding and there to have all aspects of it and all defenses to it heard since (to state it at the lowest) it is not obvious that it has no interest in the estate.   (*Matter of Verner,* 212 App. Div. 599.)

Application granted.   Submit order requiring account to be filed within thirty days.