In the Matter of the Estate of VIRGINIA NILES WOOD, Deceased.

Surrogate's Court, Orange County, March 20, 1939.

*George Goodstein* [*Milton A. Sadolsky* of counsel], for the claimant.

*Percy V. D. Gott,* for Richard N. Crockett, as administrator *c. t. a.*

TAYLOR, S. The sole question presented is the application of the Statute of Limitations to a claim for funeral expenses.

The fiduciary is unquestionably correct in his statement that if the statute applies it is his duty to interpose it as a defense. (*Butler* v. *Johnson,* 111 N. Y. 204; *Matter of Milligan,* 112 App. Div. 373; *Matter of Rainey,* 5 Misc. 367.)

The decedent died September 29, 1930, and letters testamentary were issued upon her estate on October eleventh following. The claimant's brief states that the claim for funeral expenses was filed with the executor on January 5, 1931. Although courts cannot accept facts stated only in briefs, nevertheless in answer to the surrogate's inquiry, counsel for the administrator *c. t. a.*

conceded that the bill was presented to the then estate representative within a few months after decedent's death. The executor died May 22, 1937, and letters were issued a few months thereafter to the now acting administrator *c. t. a.*

There can be no question but that the services were performed more than six years ago (See Civ. Prac. Act, § 48), and, further, that the presentation of the claim itself was likewise more than six years ago.

Procedure in Surrogate's Court is much less formal than that elsewhere, and no formal written pleading need be served to present a claim to an estate. The presentation of a claim, whether in the form of a bill or otherwise, is the commencement of a special proceeding. (*Matter of Schorer*, 272 N. Y. 247; *Matter of Gall*, 182 id. 270; *Matter of Whitcher*, 230 App. Div. 239; *Matter of Howe*, 255 id. 230.)

Presentation of the claim, in whatever form it may be and its rejection by the fiduciary, is all that is now required to give the surrogate jurisdiction to determine the questions raised. (*Matter of Schorer*, 272 N. Y. 247.) Otherwise expressed, the presentation of the claim is tantamount to the due service of a summons and complaint in a Supreme Court action.

The period of limitation is to be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, to the time when the claim to that relief is actually interposed by the party as a plaintiff or a defendant in the particular action or special proceeding. (Civ. Prac. Act, § 11, made applicable to Surrogates' Courts by Surr. Ct. Act, § 316.)

The claim having been presented to the executor well within six years of its accrual, then obviously it is not barred by the Statute of Limitations unless the *Schorer* and other cases cited are not pertinent.

The administrator *c. t. a.* seeks to differentiate this case from those hereinbefore cited upon the ground that the claim for funeral expenses is not one which was contracted by the decedent herself, that the *Schorer* and other cases apply only to claims contracted in the decedent's lifetime. No sound reason is advanced for this distinction.

A " creditor " is defined by section 314 of the Surrogate's Court Act as including " any person having a claim for funeral expenses," so that the same rule in the application of the Statute of Limitations should apply to one having a claim for funeral expenses as applies to one who became a creditor of the decedent in his lifetime.

It follows from a reading of section 11 of the Civil Practice Act that the commencement of an action or special proceeding tolls

the running of the Statute of Limitations and the special proceeding here having been instituted by the timely filing of the claim, the statute is no defense. (*Hawley* v. *Whalen*, 64 Hun, 550; *Matter of Sargent*, 42 App. Div. 301; *Evans* v. *Cleveland*, 72 N. Y. 486; *Riley* v. *Riley*, 141 id. 409.)

Lastly, there is presented the question of interest. Interest will be allowed from the expiration of seven months after the issuance of letters testamentary. (Surr. Ct. Act, § 261.)

Decree may be presented sustaining the objections and otherwise settling the account as filed.

Settle decree on five days' notice or by consent.