## In the Matter of the Estate of NINA F. CRAVEN, Deceased.

Surrogate's Court, Westchester County, July 10, 1939.

*Alan B. Campbell*, for Lucy Craven Bruce, Nina Craven [Jones] Stroop and Willis S. Whittlesey, as executors, etc., petitioners.

*Montross & Brewer* [*Munn Brewer* of counsel], for the claimant.

MILLARD, S. In this accounting proceeding proof has been offered as to a claim of The Chappaqua National Bank of Chappaqua, N. Y., based upon a promissory note dated August 24, 1928, in the sum of $250 made by one Vernon Dodge payable to the order of said bank and allegedly indorsed by this decedent approximately two months before her death on October 7, 1928. The note in question is on a printed form commonly employed in the commercial world and is payable " on demand." Printed on the back of the note is the following: " In consideration of one Dollar, receipt of which is acknowledged, and of the credit given or discount, loan or extension of time made by or upon the within note............the undersigned hereby............uncon-ditionally guarantee to the holder thereof that said note will be paid in full whenever due, and, in case the same be extended in whole or in part, that all moneys due thereunder will be paid when due according to such extension or extensions; and hereby consent that from time to time, without notice to the undersigned, payment of said note be extended in whole or part; and hereby waive present-

ment, demand of payment from the maker, protest, and notice of non-payment or protest."

Immediately below this printed matter is the signature, " Nina F. Craven." The maker paid $100 on account of principal together with interest up to June 30, 1931, leaving a balance due of $150 with interest. The last payment on account of principal was made on June 1, 1929, and on interest, July 10, 1931.

The bank, apparently unaware of decedent's death, notified her by mail on January 25, 1933, that it intended to enforce payment against her as indorser. Thereafter one of the executors replied stating that decedent had died and adding " the six months period for filing claims expired on April 17, 1929." Immediately thereafter the bank proceeded to attempt to collect from the legatees on the assumption that distribution to them had been made. According to the records in this office, there has been no statutory publication for claims and no accounting by the executors except the instant one. The account lists the claim in Schedule D-1 thereof and following a statement as to the nature and amount of the claim are the words " claim rejected."

On the hearing counsel for the executors moved to amend Schedule D-1 by striking therefrom the words " claim rejected " and substituting the words " claim not presented and not paid." The executors having stated in their account that the claim was rejected the claimant had a right to assume that the matter would be heard on the accounting proceeding as provided by statute. (Surr. Ct. Act, § 211.) The motion is denied.

As one of the many objections to this claim the executors plead the Statute of Limitations contending there has been no proper presentment of the claim and more than six years having elapsed, the aforementioned statute is a complete bar to recovery. It is now well settled that presentment of a claim need not be in any particular form. (*Matter of Wood*, 170 Misc. 752, and cases cited.) As to the effect of the presentment of a claim, the learned surrogate in *Matter of Wood* (*supra*), said:

" Presentation of the claim, in whatever form it may be and its rejection by the fiduciary, is all that is now required to give the surrogate jurisdiction to determine the questions raised (*Matter of Schorer*, 272 N. Y. 247). Otherwise expressed, the presentation of the claim is tantamount to the due service of a summons and complaint in a Supreme Court action.

" The period of limitation is to be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, to the time when the claim to that relief is actually interposed by the party as a plaintiff or a defendant in the particular

action or special proceeding. (Civ. Prac. Act, § 11, made applicable to Surrogates' Courts by Surr. Ct. Act, § 316.)"

I hold that the letter hereinabove referred to constituted a proper presentment of respondent's claim. The note having been presented for payment within six years of its date, such presentation tolls the running of the Statute of Limitations and said statute is no defense. (Civ. Prac. Act, § 11; Surr. Ct. Act, § 211; *Matter of Whitcher*, 230 App. Div. 239; *Matter of Schorer*, 272 N. Y. 247; *Matter of Wood, supra.*)

Counsel for the executors objected to the admission of the note in evidence upon the following specific grounds:

1. Signature of the maker has not been proved.
2. Alleged signature of the indorser has not been proved.
3. No evidence that the note was ever delivered.
4. No evidence that the bank is the holder in due course.
5. Incompetent and not binding upon the decedent.

Although there is no proof of an actual physical delivery of the note the uncontroverted evidence that the payee parted with valuable consideration on the same date the note was drawn and thereafter received payments from the maker constitute, in my opinion, sufficient compliance with the relevant statutory requirements as to delivery. The same argument applies to the genuineness of the signature of the maker.

As to the question of proving the signature of the decedent, I am satisfied and hold that the claimant has shown by a fair preponderance of evidence that the signature on the back of the note is that of decedent.

The further objection pertaining to failure of consideration is fully answered by section 50 of Negotiable Instruments Law. The note contained the words " for value received " and under such circumstances the burden is then placed upon the party alleging lack of consideration to prove the same. Not only has no such evidence been offered but, on the contrary, the bank has proven that in fact it parted with valuable consideration.

The testimony and proof in this case clearly show that the decedent signed the note as accommodation indorser. The liability of an accommodation party is defined by the provisions of section 55 of the Negotiable Instruments Law, which reads as follows: " An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

It is also well settled in this State that an accommodation party is primarily liable to the payee or his assignee and not merely liable as a surety. (Neg. Inst. Law, §. 3; *Stricks* v. *Siegel*, 138 Misc. 266; *National Citizens' Bank* v. *Toplitz*, 81 App. Div. 593; affd., 178 N. Y. 464.)

The claim is allowed in the sum of $150, with interest at the rate of six per cent per annum from June 30, 1931.

Settle decree accordingly.