cause of action (*Reese* v. *Associated Indemnity Corp.*, 266 App. Div. 862; *Wainwright & Page* v. *Burr & McAuley*, 272 N. Y. 130; *Abbey* v. *Wheeler*, 170 N. Y. 122), and for the purposes of the motion the allegations of the complaint are to be taken as true and to be deemed recitals of established facts. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198, 201; *O'Connor* v. *O'Connor*, 263 App. Div. 820, affd. 288 N. Y. 579.) With the allegations so interpreted, there was no release resulting from the extension agreements. (*Commercial Casualty Ins. Co.* v. *Roman*, 269 N. Y. 451; *Murray* v. *Marshall*, 94 N. Y. 611; *Winslow* v. *Stoothoff*, 104 App. Div. 28; 50 C. J., Principal and Surety, § 202.) Defendants are given ten days to answer after the entry and service of the order to be entered hereon. Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.

SANFORD L. GOLDMAN, Respondent, v. JACOB SLOVES, Appellant.— In an action by a former employee of the defendant to recover various sums of money alleged to be due under a written contract of employment, whereby plaintiff was hired as a salesman by defendant and it was agreed that in addition to other compensation plaintiff should be paid a percentage of the profits of the defendant's business, defendant appeals from an order granting plaintiff's motion for a discovery and inspection of defendant's books and records. Order affirmed, with $10 costs and disbursements, the discovery and inspection to proceed on five days' notice. No opinion. Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.

EVA D. HAAS, Respondent, v. SIMON HAAS, Appellant.— Appeal dismissed. (See *Haas* v. *Haas*, 271 App. Div. 107.) Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur. [185 Misc. 539.]

In the Matter of the Estate of JEROME M. AHRENS, Deceased. ETHEL AHRENS, Respondent; CATHERINE E. AHRENS, as Executrix of JEROME M. AHRENS, Deceased, Appellant.— In a proceeding by an alleged creditor, to compel an executrix to account, the executrix appeals from an order of the Surrogate's Court, Nassau County, dated March 4, 1946, which sustains respondent's claim that she is a creditor of the estate of Jerome M. Ahrens, deceased, and decrees that her claim is a valid one, in the sum of $5,908.52, and from an order of the same court dated March 13, 1946, which directs the executrix to file an intermediate account. Order of March 4, 1946, modified on the law, by striking from the first ordering paragraph everything after the word "decreed", and substituting in lieu thereof, a recital that the petitioner has presented prima facie evidence that she is a creditor of the estate, and is entitled to institute the proceeding, and, as so modified, affirmed, without costs. (*Matter of Scheftel*, 150 Misc. 3; *Matter of Laffargue*, 142 App. Div. 426.) Order of March 13, 1946, affirmed, without costs. (Surrogate's Ct. Act, § 253; *Matter of Kelly* v. *Langevin*, 153 App. Div. 322.) Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.

In the Matter of FRANCIS CORBETT, Appellant, against LOUIS W. MARAVENTANO, et al., Respondents.— Order denying appellant's application and dismissing his petition for an order restraining respondent Maraventano from operating a retail liquor store at 96 New Main Street, Yonkers, and enjoining respondent commissioners, constituting the State Liquor Authority, from issuing to the individual respondent a license for such store, unanimously affirmed, with one bill of $50 costs and disbursements. No opinion. Present — Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ.

In the Matter of HILLEL GREENBERG et al., Doing Business as MERCHANTS PURCHASING CO., as Assignee of WILLIAM R. WHITE, as Superintendent of