John D. Bennett, S.
To understand the nature of the motion now before this court, it is necessary to review the history of this proceeding.
One Murray Lipton filed a claim against this estate, which claim was rejected, certain reasons for the rejection being stated. As to some of the items of the claim, the executors stated that the transaction was usurious.
Thereafter Murray Lipton petitioned to compel the executors to account alleging that he was a creditor. The executors interposed an answer stating that petitioner was not a creditor. On the authority of Matter of Eisenberg (279 App. Div. 868) and Matter of Ahrens (270 App. Div. 1038) this court, by decision of September 1, 1959, ordered a preliminary hearing to determine whether the petitioner is a prima facie creditor.
In this preliminary hearing a motion was made to examine the alleged creditor before trial. Objections were made to the scope of the examination which was determined by decision of this court dated October 5, 1959, and an order was granted thereon dated October 27, 1959. Murray Lipton appeared for examination as directed, and during such examination certain questions were objected to as not within the scope of the examination. The objections were sustained by the court. The examination was not completed but was held open for the purpose of the motion now before the court.
This motion seeks to amend the answer so as to include the affirmative defense of usury to said claim, to amend the executors’ notice of rejection to include usury as a defense to the claim in its entirety, and to enlarge the scope of the examination *362 of Murray Lipton to elicit evidence to support the defense of usury.
Nothing hereafter stated regarding this motion is intended to indicate that the executors cannot set up the defense of usury upon a trial of the issue of whether Murray Lipton has a valid claim, nor pass upon the right of the executors to examine Murray Lipton before that trial on the issue of usury. The present proceeding is solely for the purpose of determining whether the petitioner can present prima facie evidence that he is a creditor and is entitled to institute the proceeding to compel the account. Any further determination of the validity of the claim would constitute reversible error (Matter of Ahrens, 270 App. Div. 1038, supra).
As the motion papers themselves point out, usury is an affirmative defense. Since it must be pleaded and proven by the executors, it is not a part of the claimant’s prima facie case.
The scope of the preliminary hearing to determine the status of the petitioner is set forth by Surrogate Delehanty in Matter of Scheftel (150 Misc. 3, 4) as follows: “In this preliminary stage the salutary rule is that the surrogate should limit his inquiry to a determination whether prima facie or even probably petitioner has such interest. It would be going- beyond the requirements of the present stage of the proceeding to make any determination as to an exact basis upon which petitioner’s claim might rest or as to whether the legal objections to petitioner ’s claim as presented by the executors are valid or invalid objections. ’ ’
This court deems that the question of usury as a defense is beyond the limitations of this preliminary proceeding, and it, therefore, denies the motion for permission to amend the answer and enlarge the scope of the examination before trial. As to the amendment of the notice of rejection of the claim to include usury as to the claim in its entirety, this court will permit such amendment without passing on the validity of the amendment at this time.
No costs; or disbursements will be awarded to any of the parties hereto.
Settle order on five days ’ notice in accordance herewith.