John D. Bennett, S.
This is an accounting proceeding, in which a question regarding the jurisdiction of the court has been raised with respect to a claim alleged by the executors to have been made against the estate and rejected by them in the account.
The alleged claim of respondent is for commissions on the sale of certain real estate conveyed by the executors, under a power of sale in decedent’s will. The details of the claim need not be discussed at this time.
On April 20, 1959 respondent sent a bill to “ The New York Trust Company and Estate of Edith Mullally” for brokerage commissions. By letter dated April 22, 1959, the executors rejected the respondent’s claim for commissions.
Respondent was served with a copy of a citation dated April 12, 1960, and, on the return date thereof, he filed an affidavit stating that he neither had, nor was he asserting, any claim against the estate of tfie decedent herein, since all dealings *544 were between the respondent herein and the executors, and not with the decedent.
Thereafter, a notice of hearing was served by the executors, and the matter was placed upon the calendar for June 8, 1960. On that date both the executors and respondent appeared by their respective counsel. Before proceeding with the hearing, the respondent’s attorney renewed the objection to the court’s jurisdiction in this matter, on the ground that this court lacks jurisdiction to determine this particular claim, since it was a transaction purely between the executors and the respondent for which the executors are liable in their individual capacity.
The bill sent by the respondent was addressed to the corporate executor and the estate. This constituted a notice of a claim against the estate. The executors rejected' the claim.
Section 211 of the Surrogate’s Court Act gives the claimant three months from the date of the rejection of his claim to commence his action on the claim, or determination of the claim is reserved for settlement of the executors’ account. The purpose of this section is to expedite the settlement of estates.
The respondent did not commence an action on his claim within three months after it was rejected. Therefore, respondent’s claim against the estate is properly before this court in this accounting proceeding.
The respondent asserts that this court is without jurisdiction to determine his claim against the corporate executor individually. While it is not disputed that the respondent might have commenced an action against the executors individually, he did not do so. Bather, he elected to file a claim in the form of a bill addressed to the corporate executor and the estate of Edith Mullally. Such a claim and its rejection are equivalent to a summons and complaint and answer in an action in the Supreme Court (Matter of Wood, 170 Misc. 752; Matter of Meyering, 184 Misc. 233). This court reached the same conclusion in an unreported decision in Matter of Rubin (21 Misc 2d 360), wherein the court permitted the amendment of a notice of rejection of claim to include a defense of usury.
The respondent having elected to proceed before this court, and having asserted a claim against this estate over which claim this court has unquestioned jurisdiction, this court determines that it has jurisdiction to adjudicate whether that claim is against the estate or against the corporate executor individually, and if the claim is established, to charge the recovery, if any, against the estate if such brokerage commissions were a proper expense of administration necessarily incurred by the *545 corporate and if they were not, to charge such recovery against the corporate executor personally (Matter of Spencer, 31 N. Y. S. 2d 598).
The court therefore finds that it has jurisdiction to hear and determine the claim now before it.