Maximilian Moss, S.
This is an application by an alleged creditor of the decedent for an order requiring the executor to render and settle his account of proceedings. The executor opposes the application upon the ground that there are several estate matters to be determined, that petitioner has not satisfactorily explained a certain check delivered by decedent to petitioner, and that petitioner has not furnished competent proof of his claim.
Although more than one year has elapsed since letters testamentary were granted to respondent, he has not accounted. A creditor is not required to prove his claim in order to entitle him to an accounting (Matter of Mallin, 142 Misc. 520) since the validity of his claim may be determined upon such accounting (Matter of Dawson v. Kelly, 202 App. Div. 780; Surrogate’s Ct. Act, § 259). A petition for a compulsory accounting may be made notwithstanding that the creditor’s claim is disputed (Matter of Crowley, 167 Misc. 840; Matter of Burrows, 167 Misc. 1; Harris v. Ely, 25 N. Y. 138).
The disallowance of a claim by respondent does not constitute good cause for denial of petitioner’s application for an accounting. The application is granted. The respondent will be directed to render and settle his account within 40 days after the service upon him of a certified copy of the order to be entered herein. Settle order on notice.