J. Irwin Shapiro, J.
Petitioner brings this proceeding pursuant to the provisions of section 123 of the Alcoholic Beverage Control Law to restrain the respondent Barmat Corp. from selling or trafficking in liquor. The respondent State Liquor Authority has approved, but has not yet issued, an off-premises liquor license to Barmat.
By way of an order to show cause, petitioner seeks an order temporarily and permanently restraining Barmat, “ pursuant to the provisions of Sec. 123 of the Alcoholic Beverage Control Law, from engaging or participating in the sale of liquor, *654 wine, and cider at retail, for off-premises consumption, at 113-01 Beach Channel Drive, Rochaway Park, Queens County, New York; or from carrying on such business at said premises contrary to the provisions of the Alcoholic Beverage Control Law ”. The respondent State Liquor Authority (hereinafter called “ Authority ”) cross-moves for a dismissal of the petition (CPLR 404).
Petitioner is a taxpayer, residing in the City of New York, who since 1956 has been licensed by the Authority to sell liquor at 114-16 Beach Channel Drive, Rockaway Park, Quéens County, which premises are less than 500 feet from Barmat’s premises, for which the Authority has approved the issuance of a new, off-premises liquor license.
In February, 1963 the Governor appointed the Moreland Commission to undertake a study in reappraisal of the law dealing with the sale and distribution of alcoholic beverages in this State. Following the report made by that commission, the Legislature, effective as of April 16, 1964, amended the Alcoholic Beverage Control Law. One of the amendments (ch. 531, §§ 13, 14) repealed subdivisions 4 and 4-a of section 105 which had theretofore restricted the Authority from granting retail liquor store licenses within 1,500 feet of each other in cities of 1,000,000 or more.
On August 16, 1964, the Authority issued Bulletin No. 390 setting forth, among other things, its policy with reference to the issuance of additional package store licenses and thereafter, on September 22, 1964, promulgated rule 17 to effectuate the information set forth by it in Bulletin No. 390.
The 1964 amendments to the Alcoholic Beverage Control Law did not repeal but, on the contrary, reaffirmed “the power of the state liquor authority to determine, in accordance with other provisions of the alcoholic beverage control law, whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby ”. (Ch. 531, § 14.)
In Matter of Stone v. New York State Liq. Auth. (23 A D 2d 766), the Appellate Division, Second Department, set forth the history of the liquor law changes and its conclusions as to the procedure required by the changes in the law. It said (pp. 766-767) : “ The action of the Authority, it is conceded, was based on Bulletin No. 390 which changed the Authority’s approach to removal applications. Its new policy, following the report of the Moreland Act Commission charged with the duty of a study of the Alcoholic Beverage Control Act, adopted as its modus *655 operands unrcstrictive licensing and unrcstrictive removals of retail liquor stores to new locations. That policy, it is further conceded, was motivated by the Legislature’s repeal of the distance requirement stated in subdivisions 4 and 4-a of section 105 of the Alcoholic Beverage Control Law (see L. 1964, ch. 531, § 13). But the Legislature did not otherwise modify the standards of discretion which it had delegated to the Authority in the administration of its powers — standards which must be provided by the Legislature in order to meet constitutional safeguards (cf. Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184, 189-190; Matter of Seignious v. Rice, 273 N. Y. 44, 50). Those standards are phrased as the promotion of public convenience and advantage, subject only to the right of judicial review (Alcoholic Beverage Law, § 2). The repeal by the Legislature of the distance requirement was accompanied by a confirmation of these standards (L. 1964, ch. 531, § 14). As the scope of the standards thus remains unimpaired, the necessity still remains for the Authority to consider public convenience and advantage, not only in the formation of general policy, but also with respect to individual applications as well.”
In this case, the petitioner contends that no independent judgment was exercised by the Authority in granting Barmat’s application for a liquor license and that it granted the license not on a finding of public convenience and advantage with respect to Barmat’s individual application, but on the general policy adopted by it and set forth in Bulletin No. 390.
In reply, the Authority contends that “ Section 123 of the Alcoholic Beverage Control Law does not authorize or provide a basis for the within proceeding ” and that “ pursuant to Sections 2 and 121 of the Alcoholic Beverage Control Law, the action of the Authority, which is the subject of this proceeding, is not subject to review”. Those contentions are overruled (Matter of O'Brien v. Rozza, 247 App. Div. 747, affd. 271 N. Y. 545; Matter of Corbett v. Maraventano, 61 N. Y. S. 2d 211, affd. 270 App. Div. 1038).
The respondent Authority, upon the argument of this motion and in support of its cross motion, asserted that the contention of the petitioner that it had approved the issuance of an off-premises liquor license to Barmat based upon its general formula as set forth in its Bulletin No. 390 without considering whether in the individual case public convenience and advantage were served, is incorrect. Counsel for the Authority stated that since the decision in Matter of Hub Wine & Liq. Co. v. State Liq. Auth. (22 A D 2d 459) applications for removals and for the issuance of new licenses received individual consideration *656 and were approved only where the Authority found that such approval served public convenience and advantage.
Whether that be the fact must await legal proof. The petitioner cannot be summarily sloughed off merely upon the Authority’s oral assertion in that regard.
Under the circumstances, the cross motion to dismiss the petition is denied. In view of the Authority’s assertion, however, and the paucity of proof submitted in the petition, and the vast area of discretionary action permitted to the Authority in cases of this kind, the motion for a temporary injunction pending the determination of this proceeding is denied and the stay contained in the order to show cause is vacated. The respondents are permitted to serve an answer to the petition.