■ WELBILT CONCRETE CONSTRUCTION CORP., Respondent, v. MANNY KORNICKI, Appellant, et al., Defendants.— In an action by the payee of a promissory note, the defendant Kornicki (an indorser) appeals from: (1) an order of the Supreme Court, Kings County, entered November 23, 1965, which granted plaintiff's motion for summary judgment and directed the entry of judgment in its favor; (2) as limited by his briefs, from so much of an order of said court, entered December 15, 1965, as on reargument adhered to the court's original determination; and (3) the judgment entered December 16, 1965 pursuant to said orders. Order entered December 15, 1965 insofar as appealed from, affirmed, with $10 costs and disbursements. Appeal from order entered November 23, 1965 and from judgment dismissed, without costs. That order was superseded by the later order granting reargument. No such judgment is printed in the papers on appeal. In our opinion, the Special Term properly concluded that appellant failed to raise any triable issues of fact, arising from his unsubstantiated claims of lack of consideration, lack of due execution and lack of delivery, as well as fraud or mistake flowing from his signing blank papers in

connection with what he thought were for some unspecified corporate record purposes. Special Term also properly rejected appellant's claim that the action, as to him as an indorser, was not one predicated upon an instrument for the payment of money only, in which summary judgment pursuant to the "short-cut" method of CPLR 3213 was permitted. Contrary to appellant's contentions, the establishment of his liability did not depend solely upon the plaintiff's showing of nonpayment of the note in suit by the maker, due presentment, dishonor, and other factors, all extrinsic to the instrument itself. An accommodation indorser on a note is primarily liable to the payee or his assignee, and is not merely responsible as a surety (Negotiable Instruments Law, § 3, 55, 114; *Stricks* v. *Siegal,* 138 Misc. 266; *National Citizens' Bank* v. *Toplitz,* 81 App. Div. 593, affd. 178 N. Y. 464; *Matter of Craven,* 171 Misc. 825, 828; *Carnegie Trust Co.* v. *Kistler,* 89 Misc. 404, 406; *McGoldrick* v. *Family Fin. Corp.,* 287 N. Y. 535, 538; *Citizens First Nat. Bank* v. *Parkinson,* 266 App. Div. 1055). Though loosely said to be secondarily liable, when sued upon his contract of indorsement, an indorser is absolutely liable thereon (*Curtis* v. *Davidson,* 215 N. Y. 395, 397). An accommodation indorser may not defeat recovery as to him merely because the note in suit was executed in order to give credit to the maker (*Westheimer* v. *Helmbold,* 109 App. Div. 854). Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.