John D. Bennett, J.
The Acting Director of the Pilgrim State Hospital petitions the court for a compulsory accounting of Raymond Rath as trustee of the estate of Theresa S. Rath. Charles Rath, son of the testatrix, is a patient at the Pilgrim State Hospital and the hospital is attempting to recover from a trust created by the testatrix for his benefit the cost of care given to him subsequent to the death of the testatrix.
The trustee contends that the petitioner is not the proper party to commence such a proceeding because the claim “ is the property of the State of New York, through the Department of Mental Hygiene. ’ ’ He further contends that the method employed in computing the compensation was adopted without due notice to the patient and is, therefore, without any force or effect, and that in any event the claim was properly rejected by the trustee in accordance with the discretionary powers given to the trustee under the terms of the decedent’s will.
Under paragraph ‘ ‘ fourth ’ ’ the decedent created a trust in the amount of $15,000, providing that the income from said trust be used for her son, Charles, during his natural life. She further provided that if at any time the income from the trust in the opinion of her trustee is insufficient to provide for the sup *185 port and maintenance of her son, such trustee is authorized in his sole discretion to use such part of the principal of the trust fund as he deems necessary for the support and maintenance of her son.
Under paragraph 1 ‘ fifth ’ ’ she provided that upon the death of her son, Charles, the trustee divide the principal remaining of said trust fund, together with any accumulated income, into four equal parts, three of such equal parts to be paid outright to three of her sons, and the fourth part to be held in trust for the benefit of her fourth son, the trustee herein, for life with remainder over to specific beneficiaries.
Section 24 of the Mental Hygiene Law authorizes the Commissioner to commence a suit for the recovery of funds used for the care, maintenance or treatment of a patient at a State institution. It is better practice that any proceedings be brought in the name of the Commissioner and not that of an acting director of the hospital. However, for the purpose of the within proceeding, the court will consider the acting director as an agent of the Commissioner rather than dismiss the proceeding on that technicality. The statute also provides for the method of computing the amount of recovery the Commissioner may seek in the care and maintenance of the patient.
The answer to the petition states that there is now $8,584.13 remaining in the trust. The amount of the claim by the Pilgrim State Hospital is $8,313.65. Accordingly, if the claim were allowed, it would practically extinguish the trust.
While the court will be somewhat liberal in determining whether or not a party has the proper status to commence a compulsory accounting proceeding (Matter of Schwartz, 26 Misc 2d 1088, but see Matter of Eisenberg, 279 App. Div. 868), the court will not compel an accounting if, after reviewing all the facts, the issues can be resolved in another proceeding which will be less costly than a full accounting.
The real issue involved deals with a construction of the decedent’s will and whether or not there has been any abuse of discretion given the trustee concerning an invasion of principal. (There does not appear to be any dispute concerning the income of said trust.) In addition, there is a question of the validity of the claim.
SOPA 202 authorizes the court to exercise any of the jurisdiction granted to it in any proceeding, notwithstanding that the jurisdiction sought to be exercised in the proceeding commenced is different. Accordingly, the court can treat the within proceeding as one brought under SOPA 1809 for the determination of the validity of a claim, and also under SOPA 1420 for the *186 construction of the decedent’s will. Under SCPA 1809 the proper parties (the creditor and trustee) are before the court. However, under SCPA 1420 all persons interested should be made parties in order that the court can render a decision regarding a construction of the decedent’s will. Nonetheless, in order to avoid delay and unnecessary legal expenses, the court will exercise the jurisdiction afforded under SCPA 202 even though all the remaindermen of the trust are not before the court at this time, in view of the fact that the findings of this court will not be to their detriment (see McKinney’s Cons. Laws of N. Y., Book 58A, SCPA, Practice Commentary to SCPA 202).
A reading of the will convinces the court that the trust was created primarily for the benefit of the decedent’s son, Charles Rath (Rezzemini v. Brooks, 236 N. Y. 184). Therefore, the position taken by the trustee in the brief submitted on his behalf, wherein it is stated that the remaindermen must be protected and that the funds should be held intact for their benefit, is without support. Their remainder interest in the within trust is only that amount remaining after her son Charles has been properly cared for during his lifetime. The decedent also provided for the remaindermen under other provisions of her will.
However, the court, based on the information before it, does not find that the fiduciary here has abused his discretion in refusing to almost extinguish the trust principal by paying the claim herein and thereby having no further corpus which will earn income to be used for the future needs of the cestui que trust. The court will not substitute its judgment for that of the fiduciary unless there is a clear showing of an abuse of the discretion given to him under the terms of the decedent’s will (Matter of Shea, 234 App. Div. 176; Matter of Falsey, 56 N. Y. S. 2d 556; Matter Matter of Downs, 13 Misc 2d 742).
Accordingly the within petition is dismissed without prejudice to a proper proceeding commenced by the Commissioner of Mental Hygiene based on evidence not now before the court to determine, after a hearing, whether or not the fiduciary herein has abused his discretion.