■ In the Matter of VILLAGE OF PLEASANTVILLE, Respondent, v. LISA'S COCKTAIL LOUNGE, INC., et al., Respondents, and STATE LIQUOR AUTHORITY, Appellant.— In a proceeding to annul the determination of appellant State Liquor Authority, dated January 26, 1971, approving the application of respondent Lisa's Cocktail Lounge, Inc., for a special on-premises liquor license, the appeal is from so much of an order of the Supreme Court, Westchester County, entered May 27, 1971, as denied the Authority's motion to dismiss the petition upon objections in point of law. Order affirmed insofar as appealed from, without costs. The time within which answers to the petition may be served is extended until 20 days after entry of the order to be entered hereon. Appellant has admittedly denied to petitioner the right to appear and be heard at a hearing conducted by appellant pursuant to the Alcoholic Beverage Control Law (§ 64-a, subd. 4; § 54, subd. 3). Appellant contends that, since the statute and its own rules provide for participation in such a hearing only by an aggrieved party, it was justified in denying to petitioner the right to intervene. In our opinion, appellant's contention is untenable. Section 123 of the Alcoholic Beverage Control Law has been held to authorize a competitor to bring an action challenging the granting of a license (*Matter of McNulty* v. *State Liq. Auth.*, 48 Misc 2d 653, affd. 24 A D 2d 599, affd. 17 N Y 2d 434; see, also, *Matter of Forman* v. *New York State Liq. Auth.*, 17 N Y 2d 224). By amendment (L. 1966, ch. 247), the authority conferred by section 123 was granted, *inter alia,* to villages. An attack under section 123 on the granting of a liquor license requires a new hearing by appellant, at which time the petitioner would have to be heard (*Matter of Zimet* v. *New York State Liq. Auth.*, 27 A D 2d 558). The dictates of orderly procedure necessitate a holding that petitioner has a right to intervene in the original hearing. It would be incongruous to deny intervention in the first instance, require an aggrieved or interested nonparty to bring a court action, and then return the matter for a hearing *de novo.* Furthermore, the fact that the Legislature failed to provide for intervention does not preclude an interested nonparty from intervening. If an interest constituting a ground for intervention is shown, then the intervenor has a right to appear at the hearing (2 Am. Jur. 2d, Administrative Law, § 369). Such an interest was shown in this case by virtue of petitioner's status as the municipality in which the license was granted and also because of the authority conferred by section 123 to attack the granting of the license. In our opinion, there is no rational basis for appellant's refusal to permit representatives of a municipality to be heard at a hearing with respect to the granting of a liquor license, especially in light of the fact that the municipality is presumably espousing the public interest and is charged with the responsibility of providing police protection within the village. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.