Michael A. Telesca, S.
This proceeding was brought by petitioner, Nicholas E. Brown, pursuant to SCPA 2205 to compel Janet Thoms Ingersoll, the executrix of the estate of Helen D. Thoms, to render and settle an account of her proceedings, or, in the alternative, to pay petitioner the sum of $3,000, with interest thereon from November 10, 1952 in full settlement of his claim against the estate of Helen D. Thoms. The claim of petitioner is based upon an oral contract between petitioner and Mrs. Thoms made on December 3,1951.
*133 The chronology of events culminating in the instant proceeding is as follows: In June, 1951, petitioner had been appointed guardian ad litem by Supreme Court, Monroe County, and special guardian by the Monroe County Surrogate’s Court for Janet Thoms Ingersoll, an incompetent person, and Gregg Fullerton Thoms, an infant, in certain accounting proceedings in relation to two express and two testamentary trusts under which Mrs. Thoms was an income life beneficiary. Petitioner served as guardian throughout the proceedings, and, prior to the entry of orders or decrees judicially settling the accounts, reached an agreement with Mrs. Thoms’ attorney acting on her behalf to the effect that petitioner would forego seeking or taking any court allowances from the trust funds for his services and that Mrs. Thoms would pay him an agreed sum from her individual funds. The terms of the oral agreement, reached on December 3,1951 provided that petitioner would receive $6,000 payable as follows: $3,000 thereof to be paid in 1951, and the remaining balance of $3,000 to be paid during 1952.
Mrs. Thoms paid petitioner $3,000 on December 18, 1951. Petitioner billed Mrs. Thoms for the unpaid balance on November 10, 1952. However, Mrs. Thoms died testate on May 28, 1955 without having paid the balance of $3,000 to petitioner.
On June 10, 1955 a temporary administrator of the estate of Helen D. Thoms, deceased, was appointed by the Monroe County Surrogate’s Court. Petitioner filed a verified claim against the decedent on September 21, 1956 but the claim was rejected by the temporary administrator. No further action appears to have been taken by the petitioner with regard to that proceeding. However, on April 8,1957 petitioner commenced an action on his claim in Supreme Court against the temporary administrator.
On November 10, 1959, the will of Mrs. Thoms was admitted to probate, and letters testamentary were issued to Janet Thoms Ingersoll, the executrix named in the will, who duly qualified, having regained her mental competence, and who has since been and is still acting as executrix. On November 7, 1960, the petitioner’s motion in the Supreme Court action to substitute the executrix as the proper party defendant in the place and stead of the temporary administrator was granted, and a supplemental summons and complaint were served upon her on November 28, 1960.
At the close of the trial, the court granted the executrix’s motion to dismiss the complaint on the ground that the Statute of Limitations had run on petitioner’s claim. The court held *134 that petitioner’s claim in contract accrued on December 31,1952, but that the Statute of Limitations was tolled by reason of Mrs. Thoms ’ death for a period of 18 months. The court, accordingly, determined that the action was required to be commenced no later than June 30, 1960. Since the executrix was not served until November 28,1960 the court held that the action was barred (see Brown v. Ingersoll, 226 N. Y. S. 2d 479). No appeal was taken from that decision.
The temporary administrator served in that capacity until the judicial settlement of his account on September 2, 1970. The assets of the estate of Helen D. Thoms were ordered paid over to the executrix in February, 1971. Apparently, the assets were finally paid over in December 1972. Petitioner served a demand upon the executrix on July 2, 1973 pursuant to SOPA 2210 to voluntarily account, or in the alternative, to pay petitioner the sum of $3,000, with interest. The executrix failed or refused to comply, and the petitioner filed a petition to compel the executrix to account, and citation dated August 8, 1973 was issued thereon.
Executrix contends that the petition should be dismissed upon the grounds: 1) that petitioner is not a creditor since his claim is barred by the Statute of Limitations applicable to oral contracts; 2) that the proceeding is barred by the Statute of Limitations applicable to a proceeding to compel an accounting; 3) that the proceeding is barred by the equitable doctrine of laches; .and 4) that an accounting would not be “ for the best interests of the estate ”.
SOPA 2205 provides, in pertipent part, as follows: “ 1. The court may at any time, upon it appearing that it is for the best interests of the estate, either on its own initiative or on the petition of (a) a creditor * * * by an order require a fiduciary to file an intermediate or final account within such time and in such manner as directed by it. ’ ’
The exercise of this power by the court is discretionary (see 4 Warren’s Heaton Surrogates’ Court [6th ed.], § 353, subd. 1, par. [a]).
The first question to be determined by this court is whether petitioner is a creditor within the meaning of SOPA 2205 and thus entitled to petition this court to compel an accounting. A creditor is defined by subdivision 11 of SOPA 103 as “ Any person having a claim against a decedent or his estate. ” It is the finding of this court that petitioner is no longer in the position of a creditor since he does not have a valid claim against the decedent or her estate.
*135 In order to justify a compulsory accounting, it is not sufficient that a creditor merely allege under oath that he has a valid claim (Matter of Eisenberg, 279 App. Div. 868). Under prior law, a creditor was not required to prove his claim in order to entitle him to an accounting (Matter of Schwarts, 26 Misc 2d 1088). The basis for this rule was that under SCPA 211, the court only had authority to try and determine a claim upon the judicial settlement of the account. Therefore, if the claim had to be proven as a preliminary proposition as well, there would be two hearings on the same matter “ with a possibility of different determinations, depending upon the evidence submitted ’ ’ (Matter of Mallin, 142 Misc. 520, 522). It was therefore held that a petitioner need not establish all of the essential elements necessary to support a judgment in his favor, but need only establish that he had a prima facie claim that would entitle him to be heard fully upon the accounting (Matter of Segall, 287 N. Y. 52; Matter of Ahrens, 270 App. Div. 1038; Matter of Robinson, 39 Misc 2d 43). It was thus held in Matter of Scheftel (150 Misc. 3, 4) as follows: " In this preliminary stage the salutary rule is that the surrogate should limit his inquiry to a determination whether prima facie or even probably petitioner ha-s such interest. It would be going beyond the requirements of the present stage of the proceeding to make any determination as to the exact basis upon which petitioner’s claim might rest or as to whether the legal objections to petitioner’s claim as presented by the executors are valid or invalid objections ”. (See, also, Matter of Puc, 37 Misc 2d 351; Matter of Rubin, 21 Misc 2d 360.) Accordingly, under prior law this court would have been required to order an accounting under the facts set forth herein without considering the validity of the defenses raised by the executrix.
However, SCPA 1808, in addition to continuing the procedure of trying and determining claims on judicial settlement, provides that where a rejected creditor brings a compulsory accounting proceeding, and the fiduciary shows the condition of the estate and the facts relating to the rejection of the claim, the fiduciary may pray for and the court is authorized to determine the validity and enforceability of the claim and make such order in respect to it as justice may require (SCPA 1808, subd. 5). Additionally, as was previously stated herein, this court is granted broader discretion pursuant to SCPA 2205 and SCPA 2206 in considering a petition to compel an accounting based upon what is the “ best interests of the estate ”. It was the intent of the Legislature ‘ ‘ to make available to fiduciaries better alternatives than *136 the time-consuming and expensive procedure of being compelled to account in order to determine the validity and enforceability of claims ” (4 Warren’s Heaton Surrogates’ Court [6th ed.], § 354, subd. 4, par. [a]). Little reason exists why this court should compel an expensive and time-consuming accounting without first determining the validity of the executrix’s objections to the petition whether or not the executrix has invoked the authority of this court to do -so pursuant, to subdivision 5 of SOPA 1808, particularly in light of the discretion granted to this court and the nature of the executrix’s objections. Accordingly, this court, in the exercise of its discretion, and in the best interests of the estate, shall consider whether the legal objections to petitioner’s claim as presented by the executrix are valid.
The court, in Brown v. Ingersoll (226 N. Y. S. 2d 479, supra), held in 1962 that petitioner’s claim was barred by the six-year Statute of Limitations applicable to an action upon a contract (Civ. Prac. Act, § 48). No basis has been presented to this court for not holding that the determination in that case is binding upon the parties hereto. The question presented, then, is whether a claim which is barred, at law by a Statute of Limitations may be the basis for a petition in Surrogate’s Court to compel a fiduciary to account. Case law dictates that this question must be answered in the negative.
It is a long-standing rule in New York, enunciated in Matter of Rogers (153 N. Y. 316, 322), that where a creditor is given a concurrent remedy in courts of law and in the Surrogate’s Court, “ as the Statute of Limitations is a bar at law it is also a bar in the Surrogate’s Court ” (see, also, Matter of Feinberg, 40 Misc 2d 1013, revd. on -other grounds 24 A D 2d 1; Matter of Rutherfurd, 182 Misc. 1019). Thus, where the remedies are concurrent, “ the party whose cause of action would be barred under the six-year statute, if he should elect to proceed at law, may not enlarge this time by electing to proceed in equity ” (Hanover Fire Ins. Co. v. Morse Dry Dock and Repair Co., 270 N. Y. 86, 89; see, also, Keys v. Leopold, 241 N. Y. 189; Schreibman v. Chase Manhattan Bank, 15 A D 2d 769).' This rule is inapplicable -only “ if a party’s remedy at law is inadequate and imperfect and he is recuired to go into equity to procure complete and adequate relief ” (Hanover Fire Ins. Co. v. Morse Dry Dock and Repair Co., supra, p. 90). Petitioner did have an adequate choice of remedies against the estate (see 26 CarmodyWait 2d, New York Practice, p. 630), and, having chosen to pursue his legal remedy against the executrix, which legal remedy was held to be barred by the Statute of Limitations, he cannot *137 now seek recovery on that claim before this icourt. This being the case, it is not necessary to reach the remaining defenses raised by the executrix in this proceeding.
For the reasons stated herein, this court as a matter of law and in the exercise of its discretion denies the petition to compel the executrix to account. The petition is dismissed.