| Matter of Michael |
|:---:|
| 2024 NY Slip Op 33355(U) |
| September 19, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2006-1906/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

Petition for a Compulsory Accounting and Related
Relief in the Matter of the Trust created under
Article TWO (A) of the Last Will And Testament of

SIDNEY MICHAEL,

Deceased.

---------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.

SEP. 19 2024

DECISION
File no. 2006-1906/A

G I N G O L D, S.

Serena Caldwell Michaels (hereinafter "Petitioner") filed a petition for a compulsory accounting in connection with the trust created under Article Two (A) of the will of Sidney Michael (hereinafter "the will" and "the decedent," respectively). William D. Zabel (hereinafter "Zabel"), in his capacity as co-trustee of such trust known as the Sidney Michael Qualified Terminable Interest Property Trust (hereinafter "the Trust"), filed objections to the petition. Lea Michael (hereinafter "Lea"), in her capacity as "former co-trustee" of the Trust, joins in the objection to the petition.

Background

Decedent died on April 1, 2006. Decedent's will was admitted to probate by a decree of this court dated July 6, 2006, and letters testamentary issued to decedent's wife, Lea. Letters of trusteeship relating to the above-mentioned Trust issued to Zabel and Lea on July 6, 2006.

Pursuant to Article Two (A) of the will, the decedent established the Trust for Lea's primary benefit during her lifetime. The Trust was funded with shares of stock in a closely held family corporation, Capital Distributors Corporation (hereinafter "the Company"). Article Two (A)(1) of the will provides as follows:

[* 1]

"(A) All of my right, title and interest in and to CAPITAL DISTRIBUTORS CORPORATION (the "Company") shall be disposed of as follows:

(1) If LEA survives me, such property shall be held by my Trustees in a separate trust for LEA's benefit, the income and principal thereof to be disposed as follows:

(a) The net income of this trust shall be paid to or applied for the benefit of LEA during her lifetime in convenient installments, as determined by my Trustees, but not less often than annually.

(b) My Trustees are authorized, at any time or from time to time, to pay to or apply for the benefit of LEA such part or all of the principal of this trust as my Trustees determine in their absolute discretion for any reason whatsoever, even though any such distribution results in the termination of this trust. In exercising their discretion under this Subparagraph, my Trustees shall not be required to take into account any other resources available to or for the benefit of LEA.

(c) Upon the death of LEA this trust shall terminate at which time the remaining principal thereof shall be distributed to my then living children, in such amounts or proportions and to the exclusion of either of them, as shall be necessary to equalize the ownership interests my children have in the Company following the death of LEA, provided, however, that if a child of mine is not then living but has died leaving issue then living, such issue shall take per stirpes the share that such deceased child of mine would have received in accordance with the provisions of this Subparagraph had he or she been then living, subject to the provisions of Article FOURTH (D) hereof. All such property shall be distributed by my Trustees in their absolute discretion and such distribution shall be final and binding on all interested parties" (emphasis in original).

Petitioner, decedent's granddaughter and a contingent remainder beneficiary of the Trust, is now seeking a compulsory accounting relating to the Trust. She avers that she has requested

2

information from the co-trustees about the administration of the Trust and distributions made from the Trust and the information has not been provided to her (Petition at ¶5).

Respondents Zabel and Lea filed objections to the petition (hereinafter collectively "the Respondents") arguing, inter alia, that the court should deny Petitioner's request for a judicial accounting because it is not in the best interest of the Trust. Zabel states that Petitioner was already provided with information and documents showing that all Company shares have been distributed to Lea, and the Trust, in effect, has been terminated. Respondents argue that a formal judicial accounting would be burdensome and costly for the Respondents. Specifically, the Respondents no longer have access to any trust funds to cover legal expenses. Respondents argue that if the court were to grant the petition, Petitioner should pay all of Respondents' costs and fees, including attorney fees incurred, in connection with preparing an accounting, and any further litigation.

In reply, Petitioner argues that a formal accounting is in the best interests of the Trust. Petitioner states that she has not received all relevant information regarding the Trust which she is entitled to and which she would receive through an accounting. Specifically, she has not been provided with (i) information regarding whether income was paid to Lea from the time of the funding of the Trust through its termination in 2016, and if income was paid, in what amounts; (ii) information with respect to whether any principal payments were made to Lea from the funding of the Trust through its termination in 2016; (iii) information regarding any payments of Trustees' commissions, legal fees, management fees, and expenses; and (iv) information regarding the value of the Trust assets on the date of funding and termination.

Petitioner further argues that respondents' actions as trustees were contrary to the decedent's intent. Petitioner alleges without any proof that it is

> "clear that Decedent intended for the family company shares to remain in
> the QTIP Trust for Lea's life, and upon Lea's death, to be equalized between

3

Lawrence's and Leslie's [decedent's children] sides of the family. . . . Lea, an interested Trustee of the Trust, violated New York law and the terms of the Will when she exercised the discretionary power to invade the principal of the Trust to distribute the entirety thereof to herself as beneficiary of the trust. Moreover, Respondent Zabel breached his duties of good faith and loyalty in doing the same."

Discussion

Surrogate's Court Procedure Act ("SCPA) § 2205 (1) (a) provides that the court "may at any time, upon it appearing that it is for the best interests of the estate . . . require[e] a fiduciary to file an intermediate or final account within such time and in such manner as directed by it." The exercise of this power by the court is discretionary (*Matter of Taber*, 96 AD2d 890, 890 [2d Dept 1983].

A court has the discretion to deny a petition to compel an accounting if it does not serve the estate's best interests (*see Matter of Jaray*, NYLJ, Mar 29, 2017, at 29 col 1 [Sur Court, NY County]; *Matter of Kennedy*, NYLJ, June 24, 2013, at 23, col 1 [Sur Court, NY County] [finding that a "costly judicial accounting is unwarranted" given that petitioner was provided with informal accounting based upon assets in estate's tax return and the "possibility that petitioner would not receive any funds from the estate/trust even if she were to successfully challenge a significant portion of administration expenses"], *affd sub nom. Matter of Lorenzetti*, 122 AD3d 548 [1st Dept 2014]; *Matter of Thoms*, 76 Misc 2d 132, 135 [Sur Ct, Monroe County 1973]).

The law is clear that if a "trustee acted from improper motives, the remainderman will be made whole" (*Matter of Bruches*, 67 AD2d 456, 461 [2d Dept 1979] [noting that trustee was not "completely free to call the shots" and finding that trustee's "absolute discretion" to pay out trust principal to decedent's wife was limited upon the "need" of decedent's wife]). Where a "trustee is given discretion [to invade the principal for the benefit of the income beneficiary], the court will

4

not interfere with the exercise of his discretion except to prevent an abuse by the trustee of the discretion given him" (*id.*).

Petitioner is a contingent remainder beneficiary of the Trust whose interest in the Trust vests upon Lea's death. Here, the primary beneficiary of the Trust, Lea, is still alive. Under no scenario that Petitioner has put forth would Petitioner receive any funds, either now or in the future, even if she were successful in an accounting proceeding. Any funds returned to the Trust, or any successful claim made, would be payable to Lea. Given these circumstances, the court exercises its discretion in denying Petitioner's request.

Moreover, the plain language of the will, Article Two (A), indicates that decedent gave the trustees absolute discretion to exhaust and deplete the Trust for Lea's benefit, even if that meant terminating the Trust: "My Trustees are authorized, at any time or from time to time, to pay to or apply for the benefit of LEA such part or all of the principal of this trust as my Trustees determine in their absolute discretion for any reason whatsoever, even though any such distribution results in the termination of this trust." Respondents acted in a manner consistent with the actual terms of the Trust.

Respondents have already provided Petitioner with voluminous records regarding the Trust, attached to the pleadings. Respondents have provided Petitioner, inter alia, with the appraisal of the Company and the Company shares held by the Trust as of April 1, 2006 (date of decedent's death). Although the Petitioner deems the documentary information insufficient, the court is not inclined to exercise its discretion to compel the Respondents to account.

It would also not be in the Trust's best interest to expend time and expenses in a costly judicial accounting (*see Matter of Gonzalez*, NYLJ, May 12, 2010, at 33, col 2 [Sur Ct, NY County 2010] ["The court, nevertheless, concludes the petitioner's interest in this estate does not justify

5

the time and expense involved in a judicial accounting which would not be in the best interests of the estate at this time"] [internal citations omitted]). The Trust no longer has funds to cover the costs and fees necessary with preparing an accounting.

Accordingly, based on the specific facts of this case and in the court's exercise of discretion, the court dismisses the petition.

The Clerk of the Court shall email a copy of this decision to the parties listed below.

Dated: September 19th, 2024

_____
S U R R O G A T E

To:

Caoimhe P. Stafford, Esq.
Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
*Attorney for petitioner*

Schulte Roth & Zabel LLP
Taleah E. Jennings, Esq.
919 Third Avenue
New York, New York 10022
*Attorney for respondent William D. Zabel*

Schanker and Schanker, PLLC
Steven M. Schanker, Esq.
One Grand Central Place
60 East 42nd Street
New York, New York  10165
*Attorney for respondent Lea Michael*

[* 6]